## C. O. BYRD v. THE STATE.

### No. 600. Decided May 11, 1910.

### Rehearing granted June 8, 1910.

**1.—Running Automobile over Speed Limit—Indictment—Negative Averment.**

Where the Act of the Thirtieth Legislature, section 1, p. 193, provides that the regulated speed limit of automobiles on public roads and streets, etc., shall not apply to race courses or speedways, and the indictment did not negative these exemptions, the same was fatally defective.

**2.—Same—Validity of Law.**

The Act of the Thirtieth Legislature, p. 193, is not so uncertain as to render the same invalid and that a prosecution could not be had under section 2 of said Act.

Appeal from the County Court of Uvalde. Tried below before the Hon. T. M. Milam.

Appeal from a conviction of running automobile over speed limit; penalty, a fine of $50.

The opinion states the case.

*Martin, Old & Martin*, for appellant.—As to question of uncertainty of statute: Cockrum v. State, 24 Texas, 394; French v. State, 14 Texas Crim. App., 76; Wilkerson v. State, 2 Texas Crim. App., 255; Salter v. State, 44 Texas Crim. Rep., 591, 73 S. W. Rep., 395.

As to insufficiency of indictment: Salter v. State, 44 Texas Crim. Rep., 591, 73 S. W. Rep., 395; Duke v. State, 6 Texas Crim. App., 244; Rice v. State, 37 Texas Crim. Rep., 36, 38 S. W. Rep., 801; 42 Texas, 455; Clayton v. State, 43 Texas, 410.

*John A. Mobley*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains three counts, the first of which alone was submitted to the jury. It is, therefore, unnecessary to notice the other two. The charging part of the count submitted is as follows: Did then and there drive and operate an automobile upon a public street in the county of Uvalde at a greater rate of speed than eighteen miles an hour."

There was a motion made to quash this count, first because it did not charge an offense against the laws of the State, and, second, that it is insufficient in that it does not allege that defendant drove said automobile along any public street of any town or city at more than eighteen miles an hour, and, third, same is insufficient in that it does not allege on what street or in what town or city the said automobile was so operated. There was also a motion in arrest of judgment embodying the above three grounds of the motion to quash,

and further that the complaint and information did not allege that the municipal officers of the town in which the road, street or driveway on which the defendant was charged to have driven said automobile had fixed the limits thereof and which had not by its said council fixed the rate of speed at more than eight miles an hour. Another ground in the motion is to the effect that the information does not allege that the defendant did not come within the exceptions mentioned in section 2 of the Act of the Thirtieth Legislature, and does not allege facts showing that the place where he drove the said automobile was not within said exceptions. It is also urged that the information is insufficient in that it does not expressly negative any of the exceptions contained in the body of section 2 of the Act. There is a further ground urged in the motion of arrest that the pleading does not contain an averment of any kind or character to show that the defendant and the place on which the automobile was operated did not come within the exceptions mentioned in the preceding paragraph of his motion in arrest of judgment. The Act of the Thirtieth Legislature, under which appellant was convicted, is found on page 193 of the Act of that body, and reads as follows:

"No automobile or motor vehicle shall be driven or operated upon any public road, street or driveway at a greater rate of speed than eighteen miles an hour, or upon any public road, street or driveway within the built-up portions of any city, town or village, the limits of which shall be fixed by the municipal officers thereof, at a greater rate of speed than eight miles an hour, except where such city or town may by an ordinance or by-law allow a greater rate of speed, provided the speed limit shall not apply to race courses or speedways."

It will be noticed from a reading of the charging part of the complaint and information that appellant was charged with violating the first clause of this section, which provides that no automobile or motor vehicle shall be driven or operated upon any public road, street or driveway at a greater rate of speed than eighteen miles an hour. He was not tried under the second clause which relates to roads, streets and driveways within built-up portions of cities, villages and towns with a limit of eight miles an hour as the speed. An inspection of this section of the Act discloses there are two different ways of violating the law, first, driving the motor machine at a speed rate above eighteen miles an hour on any public road, street or driveway; second, prohibiting the speed rate to be above eight miles an hour where an ordinance or by-law in a city or built-up portions of a town has interdicted a greater speed than eight miles an hour, unless otherwise authorized. It will be further observed in reading this law that the exceptions do not pertain or relate to the first clause of the statute but only to the second. We hold, therefore, that the information and complaint sufficiently charge the offense under the

first clause of the law, and the court was not in error in overruling the motion to quash and the motion in arrest of judgment.

It is also contended that by reason of the provisions of section 3 of the Act, that the whole Act is rendered so uncertain that a prosecution can not be had under section 2 of the Act. Section 3 of the Act reads as follows:

"No person in charge of an automobile or motor vehicle on any public road, street or driveway shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street or driveway by others, or so as to endanger the life or limb of any person thereon."

It might be a sufficient answer to say that it is not necessary to consider this contention of appellant inasmuch as that section is not involved. It does not affect or render uncertain the provisions of section 2 of this article, and was enacted for a different and specific purpose, that is, that in any event whether the party be driving eighteen miles an hour under the first clause or even less, or eight miles or less under the second clause of section 2, he must use due caution in driving so as not to injure the rights of others who are occupying the speedways, streets, driveways and roads, and must have due regard to the traffic and use of these public thoroughfares, so as to not endanger the life or limb of any person. Under the second section appellant would have the right to drive his vehicle at the rate of speed mentioned under contingencies therein specified, yet he would not have the right to do so under section 3 if it endangered public traffic, travel or life and limb of the citizenship who have equal right in the occupancy or use of these thoroughfares. The third section of the Act was enacted for a wise purpose. Under the general rule of the law that "you must so use your own as not to injure the rights of others or the public right," it is a limitation upon the speed rates mentioned in the previous sections. In our judgment it is a very wise and salutary piece of legislation. We are not undertaking to pass on the question as to whether section 3 is sufficiently definite and precise in its definition to make it operative. It is not here necessary to discuss that matter. We hold, however, that under the count under which appellant was convicted it is unnecessary to discuss section 3 further than to say it can not be urged against the definiteness and sufficiency of section 2. It is treating of a different matter under different circumstances and does not render the provisions of section 2 indefinite or uncertain. The record is before us without a statement of facts. The questions above discussed are those presented for revision.

Finding no error in the ruling of the trial court, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge.—The opinion affirming the judgment herein on a former day of the term disposes of the question raised only with reference to the exception set out in the statute as quoted in the original opinion. In the motion for rehearing it is called to our attention that in disposing of the case the court overlooked one of the reasons why the indictment should have been held vicious. The statute is quoted in the original opinion and it is unnecessary to repeat it. It will be noticed that the proviso contains this language: "Provided the speed limit shall not apply to race courses or speedways." In such case the driver of the machine would not be subjected to the denunciation in the previous portion of the Act. With reference to the exception passed upon and decided in the opinion, we think we were correct, but after a more careful investigation of the matter, in the light of appellant's motion for rehearing, we think the indictment is insufficient in that it does not negative the matter set out in the proviso. If the machine was run upon a race course or speedway, the driver would not be amenable to punishment, because the proviso in the enacting clause exempts from punishment under such circumstances. When an offense is created by statute and there is an exemption in the enacting clause from the denunciation contained in the statute, the indictment, to be valid, must negative that exemption. The reason for this rule is that the exemption constitutes a part of the description or definition of the offense, and unless there is a negative averment no offense is stated. The indictment under such circumstances must show by proper negative averments that the case of the accused is not within the exemption set forth in the statute. The proviso in the statute under discussion exempts from punishment all parties who run machines upon race courses and speedways. The indictment in this case fails to allege that appellant was not running his machine upon a race course .or speedway, therefore, it is insufficient to charge the offense denounced by the statute. Everything averred in the indictment could be true and yet appellant not guilty, for if he was running his machine on a race course or speedway there would be not only no penalty attached, but the statute expressly exempts from punishment, under such circumstances, the party from the operation of the law. This matter was overlooked in the original opinion. It will be noted in the statute that there are exceptions contained with reference to certain matters unnecessary here to discuss, but which were discussed in the original opinion. But the proviso contained in the statute exempts from punishment, under the circumstances stated, all parties driving their machines on a race course or speedway. The indictment fails to negative the proviso, and, therefore, is insufficient, and because this was not done, the rehearing is granted,

the affirmance set aside, and the judgment is now reversed and· the prosecution ordered dismissed.

*Reversed and dismissed.*