## WALTER POINTER v. THE STATE.

### No. 829.   Decided November 23, 1910.

**Local Option—Felony—Statutes Construed.**

Before punishment by confinement in the penitentiary can be assessed for a violation of the local option law, it must appear that local option has been carried in the territory where the prosecution is pending subsequent to the passage of the Act making the violation of same a felony. Following Lewis v. State, 58 Texas Crim. Rep., 351.

Appeal from the District Court of Clay. Tried below before the Hon. A. H. Carrigan.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Clay County on the 17th day of this year of a charge of violation of the local option law in said county, and his punishment assessed at confinement in the penitentiary for a period of two years.

The statement of facts filed in the case shows that the following proof was made, and none other, of the putting in force of local option in said county: "The State first offered in evidence certified copy of the prohibition orders filed in this court May 14, 1910, by District Clerk A. A. Weeks, and showing that this prohibition law is in effect in Clay County, Texas." It will be noted from this recital that it does not appear *when* local option was voted in Clay County. Nor is it recited that any election was held in said county after the passage of the Act of the Legislature fixing a felony punishment for a violation of the law. We have quite uniformly held that we can not take judicial cognizance of the existence of such law in the several counties, but that proof of same must be made. Before the punishment of confinement in the penitentiary can be assessed for a violation of this law, it must appear that local option has been carried in the county where the prosecution is pending subsequently to the passage of the Act making the violation of same a felony. See Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W., 808; see also Coy v. State, 59 Texas Crim. Rep., 513, 128 S. W., 414.

For the error pointed out the judgment will be reversed and the cause remanded for proceedings in accordance with law.

*Reversed and remanded.*