## LIZZIE REED V. THE STATE.

### No. 5234. Decided December 4, 1918.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Local Option—License—Statutes Construed.**

Article 612, P. C., did not repeal local option, but simply applied to obtaining license for selling liquor in non-local option territory; besides, the Legislature has no authority to repeal the punishment in local option territory where it has been voted upon by the people. Following Lewis v. State, 58 Texas Crim. Rep., 351. Prendergast, Judge, dissenting as to latter proposition.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of a violation of the local option law; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, her punishment being assessed at a fine of $100, and sixty days imprisonment in the county jail.

The evidence presented the issue of fact between the State's witness and defendant's testimony as to the sale. The jury decided in favor of the State's evidence. They had a right to solve the question, and this court would not feel justified in interfering with the conviction for that reason.

The question presented, however, for revision arose on the proposition that inasmuch as the Legislature had amended articles 611 and 612, P. C., that it, therefore, repealed the local option law in Lamar County. The articles amended will be found in the Acts of the Fourth Called Session of the Thirty-fifth Legislature, page 10. This Act of the Legis-

lature prescribes punishment against parties who sell without first obtaining a license for that purpose. This law does not apply to local option territory. The Legislature has no' authority to repeal the punishment in local option territory where it has been voted upon by the people. The uniform line of decisions is to the effect that where the local option law has been placed in effect by a vote of the people, it shall so remain until the people of the same territory see proper by another election to repeal it by their vote. The Legislature is powerless to do this. This question came up for decision in the case of Dawson v. State, 25 Texas Crim. App., 670, and it was held that the Legislature was powerless to add to or change the effect of the local option law in the territory where it was put into operation by a vote of the people. The Dawson case was followed by the Robinson case in 26 Texas Crim. App., 82, and Lawhon v. State, same volume, at page 101. There are other decisions, but the question came again for review in the Love Lewis case, 58 Texas Crim. Rep., 351, where the question was again decided and the authorities fully reviewed. The Lewis case was a thoroughly considered case, the opinion having been written by Judge Ramsey. All of the authorities in Texas are to the same effect. Mr. Branch in his Ann. P. C., collates a number of authorities on page 698, under section 1235. Quoting from his annotations:

"When local option is adopted in a particular locality, the penalty attached to the first violation which was submitted to and adopted by the voters will remain in force until such election is repealed by the voters of the same territory." "An Act of the Legislature increasing the penalty will be in force and operate in such localities only as since the passage and taking effect of such amendment may, by election, adopt its provisions." In this section Mr. Branch cites Robinson, Lawhon, and Lewis, supra; also Doyle v. State, 59 Texas Crim. Rep., 60; Guzman v. State, 59 Texas Crim. Rep., 353; Pointer v. State, 60 Texas Crim. Rep., 355; Enriquez v. State, 60 Texas Crim. Rep., 580. These authorities are clear and distinct in their enunciation of the proposition that the punishment under the local option law will remain as voted by the people until the people in the same territory see proper to hold another election and place the territory under the increased punishment enacted by the Legislature, where the Legislature so enacts. The Legislature can not enact a punishment or change the provisions of the local option law so as to affect its operation in territory where the people have once voted upon it. The Legislature has no power to repeal the local option law as voted by the people and substitute any other law in its place. This is one question about which the courts of Texas have been in thorough accord. It will be further noticed that article 612, P. C., as amended, does not apply to local option territory, and could not apply. That is a punishment sought to be imposed upon parties who sell without license. This can apply in territory where license will issue. So from any viewpoint the position of appellant is not well taken.

The judgment will be affirmed.                          *Affirmed.*

PRENDERGAST, JUDGE.—The original articles, 611 and 612, applied solely to wet or now prohibition territory. The recent amendment of these articles also apply exclusively. Therefore, the judgment herein is correctly affirmed. I do not concur in what is said otherwise in the opinion.