## EL PASO ELECTRIC CO. v. COLLINS et ux.*
### (No. 1275—5319.)

Commission of Appeals of Texas, Section A. Jan. 29, 1930.

Goggin, Hunter & Brown, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Paul D. Thomas and R. A. D. Morton, both of El Paso, for defendants in error.

CRITZ, J. This suit was instituted in the district court of El Paso county, Tex., by Margaret Eileen Collins, and husband, C. D. Collins, against the El Paso Electric Company, for damages to the automobile in which they were riding and for personal injuries suffered by Mrs. Collins while riding in the automobile resultant from a collision between the automobile and a street car of the electric company within the city limits of El Paso, Tex., in October, 1926. There was a judgment in the trial court for the plaintiffs in the sum of $5,179.60, based on a verdict on special issues. These issues and the anwers of the jury thereto are fully stated in the opinion of the Court of Civil Appeals, and for the sake of brevity we do not repeat them here. The electric company duly appealed to the Court of Civil Appeals for the Eighth District at El Paso, which court affirmed the judgment of the trial court. 10 S.W.(2d) 397. The case is now before the Supreme Court on writ of error granted on application of the electric company.

By proper assignment the electric company contends that the Court of Civil Appeals erred in overruling the propositions contained in its brief in which the electric company contended: (a) That the defendant in error Collins violated the provisions of a certain city ordinance of the city of El Paso, Tex., and was therefore guilty of negligence as a matter of law; and (b) that, if the evidence was not sufficient to entitle the electric company to an instructed verdict, then the trial court was in error in refusing to submit to the jury special issues in connection with said ordinance.

The ordinance of the city of El Paso involved in this assignment and declared invalid by the Court of Civil Appeals reads as follows: "At every street intersection within the city limits that is not under the control of a police officer, vehicles and street cars approaching the point of intersection on different streets at the same time shall be kept under control, so that the car or vehicle approaching such point of intersection at the right of another car or vehicle shall have the right of way and first cross such intersecting street."

The penalty prescribed by the ordinance for its violation is by fine not less than $1 nor more than $100.

The undisputed evidence shows that at the time of the collision the street intersection at which the collision occurred was not under the control of a police officer.

The Court of Civil Appeals holds that the above ordinance is invalid and that the trial court did not err in refusing to submit defensive theories based thereon, because the ordinance as to penalty is in conflict with subdivision (E) of article 801 of the Penal Code of Texas. Said subdivision (E) of the Penal Code reads as follows: "Except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

The penalty prescribed by the above penal statute is by fine not exceeding $100.

■ From the above it is seen that the maximum fine under both the ordinance and the statute is $100, while the minimum fine under the statute might be 1 cent, and the minimum fine under the ordinance is $1. This conflict in the penalty certainly renders the ordinance void as a penal law in so far as the ordinance applies to, or attempts to regulate, traffic at street intersections between vehicles such as automobiles with each other, under the authorities cited by the Court of Civil Appeals. Ex parte Brewer, 68 Tex. Cr. R. 387, 152 S. W. 1068; Ex parte Goldburg, 82 Tex. Cr. R. 475, 200 S. W. 386. This because the ordinance and the statute both substantially define the same offense, and attempt to regulate the same thing as between vehicles such as motorcars, etc., at street intersections with each other. Under the authorities cited above, this would render the ordinance invalid as a penal law as applied to such vehicles.

■ This brings us to a consideration of the question as to whether so much of the ordinance as applies to the meeting of vehicles, such as automobiles, etc., with street cars, at street intersections, can stand as a penal law, while that part which applies to the meeting of vehicles other than street cars with each other falls. A careful examination of the ordinance and the statute, and a comparison of one with the other, will disclose that the part of the ordinance which applies to the meeting of vehicles other than street cars is substantially the same as the statute; therefore, if the ordinance had applied the same penalty as the statute, it would, as to that part which attempts to regulate the meeting of vehicles such as automobiles, etc., with each other at street intersections, have been absolutely superfluous, as the statute at the time that ordinance was passed and approved on August 7, 1924, covered and defined the same offense. Since the ordinance was not necessary at all as a police regulation to regulate traffic at street intersections in so far as the ordinance and the statute cover the same grounds, and since the city had the undoubted authority to prescribe additional regulations governing traffic at street intersections within the city between street cars and motor vehicles, and also to define reciprocal rights between such parties, we think there can be no question, inasmuch as the state has not seen fit to regulate that matter, that so much of the ordinance as regulates the meeting of street cars with motor vehicles, and prescribes their reciprocal rights, and also the penalty provided for its violation, can stand as valid and binding, while the other part falls. Ex parte Henson, 49 Tex. Cr. R. 177, 90 S. W. 874; Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 370; Byrd v. State, 59 Tex. Cr. R. 513, 129 S. W. 620; Wade et al. v. Nunnelly et al., 19 Tex. Civ. App. 256, 46 S. W. 668, 672.

In Ex parte Henson, supra, it is shown that Henson was arrested under proper complaint charged with violating an ordinance of the city of Greenville, Tex., and sued out, before the Court of Criminal Appeals of this state, an original writ of habeas corpus to secure his release. The ordinance in question provided: "Be it ordained by the city council of the city of Greenville, Texas, that it shall hereafter be unlawful for any person to peddle, or in any other manner sell any kind of merchandise, patent medicine or nostrum on the Public Square and the following streets." The ordinance also provided a penalty for its violation.

The appellant contended that the ordinance in question in that case was not severable, in that it made unlawful, not only the sale of goods by peddling, but all other characters of sale of merchandise. He contended further that on account of this last clause, which cannot be separated from what has gone before, the whole of said ordinance must fall,

because it was unreasonable and in restraint of trade. The Court of Criminal Appeals in an opinion by Judge Henderson, in passing on the question as to whether the part of an ordinance which is valid can be separated from that which is invalid, and that which is valid allowed to stand, uses the following language: "However, if it be conceded that the portion of the ordinance relating to other sales of merchandise than by peddling is to be rejected, as comprehending some character of sales, which it would be unreasonable to prohibit anywhere, does it follow that that portion of the ordinance relating to peddling should also be held void? In other words, can we, by the legitimate rules of construction and interpretation of statutes, separate peddling from what immediately follows? Judge Cooley lays down the rule on this subject as follows: 'Where a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all of the provisions are connected in the subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the Legislature would have passed the one without the other. The constitutional and unconstitutional provision may be often contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall. The point is, not whether they are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. * * * If a statute attempts to accomplish two or more objects and is void as to one, it may still be in every respect valid as to the other.' Cooley's Const. Lim. p. 210. And, to the same effect, see Black on Const. Law, § 44; Western Union Tel. Co. v. State, 62 Tex. 630; Kimbrough v. Barnett, 93 Tex. 313, 55 S. W. 120; T. & P. Ry. v. Mahaffey [98 Tex. 392], 84 S. W. 646, 11 Tex. Ct. Rep. 858."

In Oates v. State, supra, the Court of Criminal Appeals in passing on the partial invalidity of statutes, and the separation of the valid from the invalid, held in effect that where a statute is enacted to accomplish a single object, the whole will not fall because of the invalidity of some of its provisions, if sufficient remains to effect the object without the aid of the invalid portion.

In Byrd v. State, supra, it was held by the Court of Criminal Appeals that the validity of section 2 of the statute (Acts 30th Leg. [1907] c. 96) fixing a minimum speed of automobiles on public roads is not affected by section 3 of the statute, declaring that no operator of an automobile shall drive the same at any speed greater than is reasonable and proper, etc., and though section 3 is invalid because uncertain, section 2 is nevertheless valid.

In Wade v. Nunnelly, supra, the Court of

Civil Appeals for the Third District, speaking through Justice Key, passed on almost the identical questions that we have here, and in that case held that even though the part of a city ordinance prohibiting the making of contracts of sale for future delivery in the streets and in public places be void, the portion prohibiting the exhibition of and dealing in certain products in such places is valid. In passing on this question Judge Key uses the following language: "It is contended, however, that the ordinance is void, because it prohibits the sale or purchase of the products referred to in the territory designated, although the property may not, at the time of the sale, be within the corporate limits of the city of Temple. Therefore it is insisted that the ordinance should be declared void because of its unreasonableness. If it should be held that the city council was without power to pass an ordinance prohibiting the making of contracts of sale for future delivery in the streets and other public places, and that the ordinance in question reaches that far, still that feature of it can be eliminated, and a valid ordinance prohibiting the exhibition and dealing in such articles will remain."

We therefore conclude that even though the city was without power to pass an ordinance valid as a penal law covering the same subject-matter as that covered by the state statute, and prescribing a different penalty, still that feature of it can be eliminated, and a valid ordinance defining and regulating vehicles and street cars approaching the point of intersection on different streets within the city will be left.

The electric company also contends that the penalty can be eliminated from the ordinance and a valid law defining civil rights left. In other words, it is contended that a law carrying a penal fine may be invalid for certain reasons as a penal law, and still valid as a law regulating and defining civil rights. We do not consider it necessary to pass on this question, as we hold the ordinance valid as both a civil and a penal law in so far as the issues of this case are concerned.

We overrule the contention of the electric company that the evidence shows, as a matter of law, that Collins violated the valid provisions of the above city ordinance; but we are of the opinion that the trial court was in error in refusing to submit to the jury proper issues of negligence on the part of Collins, in connection with the valid portions of the above city ordinance.

■ The requested charges involving the ordinance set out in the application which were refused by the trial court are 9, 10, and 12. None of these issues or charges should have been submitted in the form requested. No. 9 is defective in that it fails to confine the issue to the same time as provided in the ordinance. No. 10 is erroneous in that it contains as a part thereof a general charge which is not permitted when a case is submitted on special issues, and furthermore subdivision 1 of said charge 10 is erroneous in that it is based on the preceding general charge, and would be meaningless to the jury without it. No. 12 is erroneous in that it also contains a general charge, and the first question therein is insufficient and misleading, in that it asks whether Collins on approaching the intersection failed to have his car under control, and does not complete the issue under the ordinance or define control as is meant by the ordinance; and also this question eliminates the issue as to whether the street car was approaching at the same time. It follows that the court did not err in refusing to give special issues 9, 10, and 12 in the form requested.

■ Notwithstanding there was no error in the refusal of the trial court to give the special charges above discussed, still it was error for the trial court to refuse to submit proper issues of negligence on the part of plaintiff under the city ordinance above discussed, for the reason that the electric company duly and seasonably excepted to the main charge on account of its failure to submit such issues. M., K. & T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854.

We have considered the other errors assigned, and in our opinion the Court of Civil Appeals has correctly disposed of them.

For the reasons stated, we recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.