The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## EL PASO ELECTRIC CO. v. COLLINS et al.

### Motion No. 8970;   No. 1275—5319.

Commission of Appeals of Texas, Section A.
March 26, 1930.

For former opinion, see 23 S.W.(2d) 295.

Goggin, Hunter & Brown, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Paul D. Thomas and R. A. D. Morton, both of El Paso, for defendants in error.

CRITZ, J.

This case is now before us on motion for rehearing filed by the defendants in error.

In our original opinion, we recommended that this case be reversed and remanded because of the refusal of the trial court to submit proper issues of negligence on the part of plaintiffs in the trial court involving the following city ordinance of the city of El Paso, Tex. "At every street intersection within the city limits that is not under the control of a police officer, vehicles and street cars approaching the point of intersection on different streets at the same time shall be kept under control so that the car or vehicle approaching such point of intersection at the right of another car or vehicle shall have the right of way and first cross such intersecting street."

On motion for a rehearing the defendants in error call our attention to the fact that the trial court did submit an issue under the ordinance, by submitting the following question: "Did the said Collins on approaching said intersection fail to have the automobile which he was driving under control?"

We are now of the opinion that the submission of the above question was an imperfect submission of an issue under the ordinance, and that an exception to the charge on the bare ground that it did not submit the issue of negligence on the part of plaintiffs under the ordinance, would not be sufficient to present reversible error. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920.

The record shows, however, that the electric company requested the trial court to give Special Charge No. 9, which omitting formal parts, reads as follows:

"(1) Did the plaintiff, Collins, in approaching the intersection of Trowbridge Street with Roosevelt Street, fail to have his automobile under proper control so that the street car approaching the intersection from his right on Roosevelt Street could first cross said intersection without a collision? Answer yes or no.

"(2) If you have answered the foregoing question in the affirmative, then answer the following:

"Was such failure on the part of said Collins negligence? Answer yes or no.

"(3) If you have answered the foregoing question in the affirmative, then answer the following:

"Did such negligence on the part of the said Collins proximately cause or contribute to cause the collision? Answer yes or no."

In our original opinion, we held that no error was committed in refusing to give this charge because it failed to confine the issues to the time specified in the ordinance. On further consideration of the matter, we are now of the opinion that we were in error in this holding, and that when the charge is considered as a whole it is sufficiently definite, for the jury to have understood the time involved, and presents correct issues under the ordinance from the standpoint of the electric company's defense. This charge, therefore, should have been given.

For the reasons stated, we recommend that the motion for rehearing filed herein by the defendants in error be overruled, but that on another trial the district court be governed by this opinion, where it differs from the holding of the original opinion.

CURETON, C. J.

Motion for rehearing overruled, with direction that the trial court be governed on retrial by this opinion of the Commission of Appeals in connection with the former opinion, as recommended by the Commission of Appeals.