ALEXANDER, J.
 

 This action was brought by Bernice Ant-wine to recover for personal injuries sustained by him and for damages to his automobile as the result of a collision between his car and the defendant’s truck on one of the highways of this state. There were the usual charges of negligence and counter charges of contributory negligence, and a plea of unavoidable accident. Each of the parties •claimed that as he approached the scene of the accident he was driving on the right side of the road at about 15 or 20 miles per hour, -and that the other party was driving in excess of 45 miles per hour and was in the center or on the wrong side of the road and was not looking in the direction in which he was going. Each claimed that it reasonably appeared to him that it was necessary for him to drive on the wrong side of the other party in order to avoid a collision. The attempt of each of the parties to pass on the
 
 wrong
 
 side •of the other was unsuccessful. The verdict was for the plaintiff, and the defendant appealed.
 

 The appellant alleged, in part, as follows: “Plaintiff was negligent in that at the 'time in question he was operating his automobile in an unreasonable and unsafe rate of speed, to-wit, more than 45 miles per hour, which speed was unsafe and unreasonable under the facts and circumstances as they existed at the time.”
 

 ■ The court submittéd to the jury in special issue No. 26 the question of whether or not plaintiff was driving in excess of 45 miles per hour just prior to the collision, and the jury answered, “No,” The appellant objected to the court’s charge, as follows: “Defendant •objects and excepts to special issue No. 26 •and particularly to the form thereof because the same places a greater burden upon defendant than is placed upon him by law in •that defendant is not bound to establish that •plaintiff at the time of the accident was driving his car in excess of forty-five miles per hour, but is entitled to have the jury answer whether the operation by plaintiff of his automobile at the rate of speed at which it was being- operated at the time of the collision was, under all of the circumstances, negligence, and defendant here now requests the court to submit the issue in substantially such form.”
 

 The court did not otherwise submit an issue as to whether under all the circumstances the plaintiff operated his automobile at a negligent'rate of speed.
 

 The two caTS were meeting each other on a public highway in this state. Under the provisions of Penal Code, article 794, the operator of a motor vehicle when meeting another car on a public road, and attempting to pass it, is required to slow down the speed of his car to 15 miles per hour, and, if he fails to do so, he is guilty of negligence per se. Davis v. Estes (Tex. Com. App.) 44 S.W.(2d) 952; McMath v. Staten (Tex. Civ. App.) 42 S.W.(2d) 649; Orchin v. Ft. Worth Poultry & Egg Co. (Tex. Civ. App.) 43 S.W.(2d) 308. By the provisions of Penal Code, article 790, it is provided that no person operating a motor vehicle upon a public highway of this state shall pass another vehicle at- such rate of speed as to endanger the life or limb of any other person, and a violation of such statute would likewise be negligence per se.
 

 A person may be guilty of negligence or contributory negligence in operating his car at an excessive rate of speed even though the statute does not fix a maximum limit, or ■the maximum limit as fixed by the statute is not exceeded, and in such case where the issue is raised by the pleadings and evidence it is ordinarily a question for the jury to determine whether, under all the circumstances, the rate of speed at which the automobile was being operated was negligence. Orchin v. Ft. Worth Poultry & Egg Co. (Tex. Civ. App.) 43 S.W.(2d) 308, par. 4; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137 (writ ref.); West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W.(2d) 199; Stamper v. Scholtz (Tex. Civ. App.) 29 S.W.(2d) 883 (error ref.).
 

 We think the defendant’s pleadings were sufficient to raise the issue that the plaintiff was, under the circumstances, operating his car at a negligent rate of speed, and that it was not necessary for defendant to show that plaintiff was exceeding 45 miles per hour. The allegation that plaintiff was operating his automobile at an unreasonable and unsafe rate of speed, to wit, 45 miles'per hour, included any rate of speed less than 45 miles per hour, and which was, under the circumstances, unreasonable and -unsafe. The evidence likewise raised the issue. Debes v. Greenstone (Tex. Civ. App.) 260 S. W. 211,
 
 *822
 
 par. 10; Bradley v. Becker, 296 Mo. 548, 246 S. W. 561; Dollar Dodge Rent Service, Inc., v. McEwen (Tex. Civ. App.) 273 S.W. 889.
 

 The appellant did not tender an issue as to whether appellee, under all the circumstances; was negligent in operating his car at the rate of speed at which it was being operated, but relied on his objections as above set out, and appellee contends that since the defect in the charge consisted of a mere omission of a material issue and not a misstatement of the law, the appellant could not raise the defect by an objection to the charge without tendering an issue thereon. Revised Statutes, article 2190 as amended 'by acts 3931, c. 78, § 1 (Vernon’s Ann. Giv. St. art. 2190), requires the court to submit to the jury all the issues made by the pleadings and evidence. It further provides: “Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has 'been requested in writing by the party complaining of the judgment.”
 

 It will be noted that the statute does not require the complaining party to tender a special charge when a necessary issue relied on 'by him has been omitted from the charge. It only requires that the submission of such issue be requested in writing. Such a request may be made by an objection to the charge for its failure to include such issue, provided the defect is clearly pointed out, or the complaining party, in his written' objections to the charge, may request the court to prepare and submit a proper issue thereon. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, 571; Southern Casualty Co. v. Fulkerson (Tex. Com. App.) 45 S.W.(2d) 152, 156; El Paso Electric Co. v. Collins (Tex. Com. App.) 23 S.W.(2d) 295, qualified in Id. (Tex. Com. App.) 25 S.W.(2d) 807; Speer on the law of special issues, page 369, § 249..
 

 In the case of Robertson & Mueller v. Holden, supra, the Supreme Court approved the 'holding of the Commission of Appeals, in which it was said: “It is thus the rule that, whether the defect in the court’s charge be an affirmative error or mere -omission, a proper objection pointing out the defect is a sufficient predicate for reversal. This is -obviously sound reasoning, for, if the objection to the charge itself specifically points out the defect, there is no need of a second complaint based upon the refusal of a requested charge presenting the identical matter. It is a most common sense interpretation of the statutes.”
 

 In the case -of Southern Casualty Co. v. Fulkerson, supra, the Commission of Appeals said: “Of course, the insurers had the right to have the jury make a direct and specific finding as to whether the operation [for hernia in workmen’s compensation case] was or was not successful, had they properly and seasonably requested such an issue or properly and seasonably excepted to the charge as given on the ground that it failed to directly and specifically submit such issue. * * * ”
 

 In the case at -bar, the appellant not only objected to the charge as given on the ground that it failed to submit such issue, but in his written objections he requested the court to submit the issue. * The trial court should have submitted an issue as requested 'by the defendant.
 

 The judgment of the trial court is reversed, and the cause remanded.