## RICHARDS v. WESTMORELAND et al.
### No. 4061.

Court of Civil Appeals of Texas. Amarillo.
Sept. 27, 1933.

Williams & Bell, of Childress, and Joe D. Bell, of Paducah, for appellant.

G. E. Hamilton, of Matador, and Wm. B. Combest, of Paducah, for appellees.

JACKSON, Justice.

Mrs. Westmoreland, joined by her husband, R. A. Westmoreland, the appellees, sued Mrs. Richards, a widow, the appellant, and her minor son, T. J. Richards, Jr., in the district court of Cottle county to recover $25,000 actual and $25,000 exemplary damages for personal injuries charged to have been inflicted on Mrs. Westmoreland by Mrs. Richards.

The court directed a verdict in favor of T. J. Richards, Jr., and no complaint is made of such action.

The appellees allege that on July 16, 1931, Mrs. Richards, the appellant, armed with a pistol, came to their home, and unlawfully, maliciously, and without provocation, shot Mrs. Westmoreland, and as a direct and proximate result thereof her nervous system is impaired, she is not able to rest or sleep, is crippled for life, cannot take care of her three children, and her ability to perform her household work is greatly and permanently diminished. They set out in detail the character, the extent, and the severity of her injuries, the permanency thereof, and the physical pain and mental anguish occasioned thereby.

The appellant answered by general demurrer, special exceptions, general denial, pleaded self-defense, and alleged, in effect, that on the second day prior to the shooting she had gone on business to the house where appellees were residing as tenants on her farm; that, when she arrived the appellees, without provocation or cause, became enraged, exhibited a pistol, threatened her life, and unlawfully, wrongfully and maliciously assaulted her, blacked her eyes, bruised her body, and beat her until she was nearly unconscious; that the day following such assault she procured the sheriff of Cottle county to go to the farm and ascertain if appellees objected to her returning for her property; that she was informed by the sheriff that appellees would permit her to come to the gate near the house to get the said property; that, acting on this information, she and her son, T. J. Richards, Jr., on the following day, drove their automobile, in which she had her pistol for protection only, to the gate to obtain such articles; that appellees, without provocation, began another difficulty, became angry, and threatened appellant, attacked her again, and she shot in self-defense.

By way of cross-action she alleged certain sums due her by the appellees, which she sought to recover.

The case was submitted on special issues, and in response thereto the jury found, in effect, that the appellant did not act in self-defense; that Mrs. Westmoreland was permanently injured; that she sustained actual damages in the sum of $1,600 and exemplary

damages in the sum of $500. The court allowed appellant on her cross-action $600 for hospital expenses and doctors' bills she had paid for appellees, and rendered judgment in their favor for the balance of $1,500.

The appellant urges as error the action of the court in refusing to correct and amend his charge so as to advise the jury the law on mitigation of damages resulting from personal injuries inflicted by an assault if provoked by the assaulted party, in compliance with her objection' reading as follows: "The defendant objects and excepts to said charge as a whole for the reason the Court has failed to charge the jury or submit to them the issue of provocation on the part of plaintiffs in bringing on the difficulty and should instruct the jury that they may take into consideration the manner and conduct of the plaintiffs toward the defendant in mitigation of damages, if any, both actual and exemplary, the evidence having raised this issue."

The subject of provocation was not covered by the charge of the court.

The record shows without dispute that appellant was severely beaten on the second day prior to the shooting by one or both of appellees. The testimony is conflicting as to who provoked the difficulty on that occasion and also as to who provoked the difficulty on the day of the shooting.

It is apparently the law in this state that verbal provocation, independent of inflicting injury, while it does not justify an assault, may be shown in mitigation of damages, and that the jury should be so charged, with appropriate instructions as to "cooling time." Houston & T. C. R. Co. v. Batchler, 32 Tex. Civ. App. 14, 73 S. W. 981; Leachman v. Cohen (Tex. Civ. App.) 91 S. W. 809; Houston & T. C. Ry. Co. v. Batchler, 37 Tex. Civ. App. 116, 83 S. W. 902; Fred Harvey, Inc., v. Comegys (Tex. Civ. App.) 233 S. W. 601; Horwitz et al. v. Dickerson (Tex. Civ. App.) 25 S.W.(2d) 966; 4 Tex. Jur. 989, § 122.

The testimony in this case not only presents the issue of verbal provocation, but it is uncontroverted that personal injuries were inflicted on the appellant by appellees at the first difficulty, and that such injuries still existed on the day of the shooting.

Appellees contend that, even if it be conceded that provocation was a controverted fact issue which should have been submitted to the jury, if properly requested, appellant cannot complain of the court's action in failing to charge thereon "because she did not follow such exception with a requested issue on the subject."

Appellant's objection to the charge is sufficiently specific to comply with article 2185, R. C. S., and "prays the Court to conform his charge to meet the above and foregoing objections and exceptions." The bill of exception shows that the court refused to amend his charge as requested by appellant.

In Southern Casualty Co. v. Fulkerson et al. (Tex. Com. App.) 45 S.W.(2d) 152, 156, Judge Critz says: "Of course, the insurers had the right to have the jury make a direct and specific finding as to whether the operation was or was not successful, had they properly and seasonably requested such an issue *or properly and seasonably excepted to the charge as given on the ground that it failed to directly and specifically submit such issue.* The record shows that they did neither, and they will not now be heard to object to the charge as to a matter of form only." (Italics ours.)

In Morrison v. Antwine (Tex. Civ. App.) 51 S.W.(2d) 820, 822, Judge Alexander says:

"The appellant did not tender an issue as to whether appellee, under all the circumstances, was negligent in operating his car at the rate of speed at which it was being operated, but relied on his objections as above set out, and appellee contends that since the defect in the charge consisted of a mere omission of a material issue and not a misstatement of the law, the appellant could not raise the defect by an objection to the charge without tendering an issue thereon. Revised Statutes, article 2190 as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190), requires the court to submit to the jury all the issues made by the pleadings and evidence. It further provides: 'Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment.'

"It will be noted that the statute does not require the complaining party to tender a special charge when a necessary issue relied on by him has been omitted from the charge. It only requires that the submission of such issue be requested in writing. Such a request may be made by an objection to the charge for its failure to include such issue, provided the defect is clearly pointed out, or the complaining party, in his written objections to the charge, may request the court to prepare and submit a proper issue thereon. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, 571; Southern Casualty Co. v. Fulkerson (Tex. Com. App.) 45 S.W.(2d) 152, 156; El Paso Electric Co. v. Collins (Tex. Com. App.) 23 S.W:(2d) 295, qualified in Id. (Tex. Com. App.) 25 S.W. (2d) 807; Speer on the law of special issues, page 369, § 249."

In Kansas City, M. & O. Ry. Co. of Tex. v. Foster, 54 S.W.(2d) 270, 273, Judge Martin of this court states: "It is insisted by appellee that it was the duty of appellant to prepare and present written instructions to cure some of the defects in the court's charge above discussed, and having failed to do this, cannot now complain. It has been recently

and pointedly decided that such was not necessary."

The objection specifically directed the court's attention to his failure to charge the jury on provocation or submit to them an issue thereon, suggested that the jury should be instructed that they might consider provocation in mitigation of damages, if any, and, in effect, requested that the charge of the court be corrected in that particular. This, in our opinion, is a sufficient compliance with article 2190, R. C. S., as amended by Acts 1931, c. 78 (Vernon's Ann. Civ. St. art. 2190) and the court committed reversible error in overruling appellant's said objection to the charge.

The appellant assigns as error the action of the court in overruling the demurrer and exceptions she levelled at appellees' petition, urging misjoinder for the reason that Mrs. Westmoreland was neither a necessary nor a proper party.

The petition begins: "Mrs. Ambrey Westmoreland, joined by her husband A. R. Westmoreland," alleges in detail the injuries she sustained, and concludes: "Premises considered, plaintiffs pray * * * they have judgment for damages," etc. The judgment is: "That said plaintiffs Aus Westmoreland and wife Ambrey Westmoreland herein do have and recover * * * the sum of $1,-500.00 as damages," etc.

■ Generally, it is better practice for the husband to sue alone for personal injuries sustained by the wife, as the damages recovered constitute community property. However, this assignment does not present reversible error as no injury is shown to the appellant. San Antonio Street Ry. Co. v. James L. Helm and E. C. Helm, 64 Tex. 147; Southern Pacific Co. v. Ulmer et ux. (Tex. Com. App.) 286 S. W. 193; Dallas Ry. & Terminal Co. v. Davis et al. (Tex. Civ. App.) 26 S.W.(2d) 340.

■ Appellant excepted to the allegation, in plaintiffs' petition, that Mrs. Westmoreland was the mother of three children and also objected to the testimony offered in proof of such allegation. The court overruled the special exception to the pleading and admitted the testimony, and of these rulings the appellant complains.

In view of the evidence as to the extent, severity, and permanency of the injuries sustained by Mrs. Westmoreland, and the moderate verdict, these assignments do not present reversible error. Gainesville, H. & W. Ry. Co. et al. v. Lacy, 86 Tex. 244, 24 S. W. 269; Burrell Engineering & Construction Co. v. Grisier, 111 Tex. 477, 240 S. W. 899.

■ We are not to be understood, however, as holding that the court was authorized to instruct the jury in determining the amount of plaintiffs' damages, that they could take into consideration, among other elements, Mrs. Westmoreland's "inability to do and perform her household duties, if any," and to advise the jury that they might also consider as a separate element of damages her inability "to do and care for her children."

The alleged error of the action of the court in overruling the appellant's motion for a continuance is, under the facts disclosed by this record, without merit. Texas & Pacific Ry. Co. v. A. J. Hardin, 62 Tex. 367; Gulf, C. & S. F. Ry. Co. v. Robinson (Tex. Civ. App.) 79 S. W. 827; Sullivan-Sanford Lbr. Co. v. Hampton (Tex. Civ. App.) 126 S. W. 637.

In our opinion, the definitions of the words "intentionally" and "maliciously," as given in the court's charge, did not limit appellant's rights, under her plea of self-defense, as she contends.

The appellant assails as erroneous the special issues submitting the injuries suffered by Mrs. Westmoreland, because such issues did not limit a recovery to the injuries alleged and authorized the jury to assess damages for injuries not complained of.

■ We deem it sufficient to say that the court in his charge should limit the jury, in assessing damages, to the injuries alleged, but generally it is not reversible error to fail to so limit the jury, where "there is no evidence that the injury resulted from any other cause than that alleged in the petition." 13 Tex. Jur. 461, § 296. We are referred to no testimony pertaining to injuries other than those pleaded.

The judgment is reversed, and the cause remanded.