**CITY OF WINK v. GRIFFITH AMUSEMENT CO.**

No. 3166.

Court of Civil Appeals of Texas. El Paso.

Jan. 3, 1935.

Rehearing Denied Feb. 7, 1935.

A. T. Folsom, of Wink, for appellant.

H. E. Wassell, of Wink, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the district judge of Winkler county granting a temporary writ of injunction restraining the city of Wink, its mayor and recorder and other officers, agents, and attorney, from enforcing a city ordinance of the city of Wink, until a final hearing is had, and the further orders of the court.

The record shows that on July 5, 1934, the board of commissioners of the city of Wink, a municipal corporation of less than 5,000 inhabitants, incorporated under the general laws of this state, with a commission form of government, passed the following city ordinance, approved by the mayor and duly published.

The ordinance reads as follows:

"Ordinance No. 44.

"A Public Safety Ordinance prohibiting prize drawings by lot in places of public entertainment, causing congestion of traffic and fire hazard.

"Be it ordained by the Board of Commissioners of the City of Wink:

"Sec. 1. That it shall be unlawful for any person, firm or corporation, either as owner, manager, operator, agent or employee, to have, give, permit, or allow any prize drawing, by lot, of any money or other thing of value, at any place of public amusement or entertainment in the City of Wink.

"Sec. 2. That it shall be unlawful for any person, firm, or corporation to advertise that there will be any prize drawing of any money or other thing of value at any place of public

amusement or entertainment in the City of Wink.

"Sec. 3. Any person violating this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined not exceeding ($100) One Hundred Dollars, and each day of violation shall be a separate offense.

"Sec. 4. In case of violation of this ordinance, the mayor may, if he deems it advisable, with a view to preserving the peace and good order of the city, order and enforce the closing of any place of public entertainment or amusement where this ordinance is being violated.

"Sec. 5. The fact that the drawing of prizes by lot in places of public amusement and entertainment causes great crowds to congregate in the public streets in the vicinity of such places of entertainment, blocking the sidewalks and streets, interfering with orderly traffic and business, blocking the exits of such places of entertainment, jeopardizing the lives of the people, and especially the children present in case of fire, creates an emergency and imperative public necessity, requiring that this ordinance take effect immediately as a measure for public safety, and this ordinance shall be in effect immediately from and after its publication one time in the Wink Times Herald."

On July 31, 1934, the local manager of appellee was arrested on a warrant issued out of the corporation court of the city of Wink, charged with a violation of the ordinance at appellee's theater building (designated as the Rig Theater), in the city of Wink. The local manager of the theater made an appearance bond, and on the day the case was set for trial, August 3, 1934, appellee presented its petition to the district judge praying for a temporary injunction, enjoining and restraining the city of Wink, its mayor and officers, from in any manner enforcing said ordinance.

Appellee's petition explained its "Bank Night" scheme as follows: "On a certain night each week it will give thirty five dollars to any person present who has registered at the theatre; a number is drawn by the judges selected from the audience; that it is not necessary for the person who wins the prize to be actually in attendance in the theatre or to have ever purchased a ticket provided he registered his name in the book that was left open at the ticket window for the public to register their names; that there was no charge whatever made as a condition of registration; that this idea of holding

bank night is a copyrighted idea that the plaintiff pays for, * * * and is a special means of advertising."

In explanation of the eligibility of parties to the prize money, it is shown that to draw the prize the person whose name is called must be in the theater building or "within hearing on the outside."

The appellant, city of Wink, and its mayor, answered by general demurrer, special exceptions, general denial, verified special denials as to some of the allegations in the petition; filed an amended original answer including therein its cross-bill, praying for a temporary injunction enjoining and restraining appellee from, holding its bank nights (prize drawings by lot) in the form and manner in which it had theretofore been holding same, and especially from using the sidewalks and streets in connection with its drawings, and from announcing the name of the winner of the prize drawing in front of its theater, thus causing crowds to gather there, congesting traffic, etc.

### Opinion.

The pleading of appellee is sufficient, we think, to submit the question of the validity of the ordinance of the city of Wink sought to be enforced.

The ordinance in question, by its third section, provides: "Any person violating this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined not exceeding ($100.00) One Hundred Dollars, and each day of violation shall be a separate offense."

Section 4 of the ordinance further provides that in case of violation of the ordinance the mayor may, if he deems it advisable, order and enforce the closing of any place of public entertainment or amusement where this ordinance is being violated.

In the instant case, the city of Wink was undertaking to enforce the provision of provisional section of the ordinance, and we will confine our observation to that section.

Appellant refers us to article 3, § 47, of the State Constitution, which authorizes the Legislature to pass laws prohibiting the establishment of lotteries and gift enterprises in this state, and makes the contention that the business enterprise of appellee is but an evasion of the lottery laws of this state, enacted by the Legislature under the provision of the Constitution above referred to.

■ The ordinance passed by the city of Wink is a penal ordinance; especially section 3 of the ordinance sought to be enforced.

It has become the settled law of this state that an ordinance of a city is invalid which provides a greater or less penalty than the state law for the same offense. El Paso Electric Company v. Collins et ux (Tex. Civ. App.) 10 S.W.(2d) 397, and cases there used; also the same case on appeal, opinion by the Commission of Appeals, 23 S.W.(2d) 295, in which it is held that the conflict in the penalty between the ordinance and the statute for the same offense renders the ordinance void as a penal law.

■ Article 654 of our Penal Code 1925, provides a penalty for establishing a lottery at a fine "not less than one hundred nor more than one thousand dollars."

The penalty provided by the ordinance for the same offense (lottery) is by fine "not exceeding ($100) One Hundred Dollars."

For the reason stated, the ordinance must be held to be invalid and unenforceable, and it is so ordered.

The case is affirmed.

### On Motion for Rehearing.

In our opinion, we said: In the instant case the city of Wink was undertaking to enforce the provision of provisional section of the ordinance, and we will confine our observation to that section, that is, section 3 of the ordinance, which fixes the penalty for doing the thing inhibited, and while we said, "for the reason stated the ordinance must be held to be invalid and unenforcible," we had reference to section 3 of the section of the ordinance we had specially under consideration. We understand from the entire record that section 3 of the ordinance was the only portion the city of Wink had taken any action to enforce, and we think it quite evident that the enforcement of section 3, the penal part, is the part the trial court had in mind in granting the temporary injunction. We expressed our view of the validity of the penal section of the ordinance in the opinion, and do not feel called upon to again review that part of the opinion. We also think that to discuss the validity of other parts of the ordinance we would be doing so in advance of any effort of the city of Wink to enforce the civil portion of the ordinance, if it has a civil section apart from the penal, and in advance of any action of the trial court, and, in doing so at this time, it would be for the purpose only of more clearly expressing our view of what is presented to us in the two injunction applications. Appellee applied for an injunction to restrain the city of Wink from enforcing any part of the ordinance, and the city of Wink pleaded its ordinance and asks that its penal and civil parts be held valid and enforceable, and for an injunction restraining appellant from doing the things complained of.

■ In our opinion, appellee, in undertaking to establish a lottery system in the city of Wink, is clearly in violation of the penal law of the state, and in doing so has no property right to protect, and we think is not entitled to the injunctive relief prayed for. 30 Tex. Jur. § 174, p. 316, and other kindred sections, and the cases there cited. However, appellant, we think, can properly complain that the city of Wink is prosecuting and undertaking to enforce a void penal section of its ordinance. Probably a plea of not guilty would have been all that would be necessary to avoid the penalty.

■ As to the validity of the other parts and sections of the ordinance, and to have the courts pass upon the right of the city of Wink at this time and in this proceeding to have an injunction restraining the establishment of a lottery within the city, the general rule seems to be that ordinarily injunctive relief will not lie to prevent the violation of a penal ordinance or statute where there is an adequate remedy by criminal prosecution. The question is fully discussed in vol. 24, Tex. Juris. at p. 70, § 49. It is there said that equity is not concerned with crime and leaves such matters to criminal courts. The Legislature, however, has the power to authorize the issuance of injunctions to prevent injury to the public by violations of law which are also crimes. In this particular class of cases, article 3, § 47, of the State Constitution, referred to in the opinion, it is there said the Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this state, as well as the sale of tickets in lotteries, gift enterprises, or other invasions of the lottery principle. Now the Legislature has not passed laws as authorized by the above article and section of the Constitution, except article 654 of the Penal Code 1925, making it a misdemeanor to establish a lottery, as there enacted. We are under the impression that until the Legislature has passed a civil statute forbidding the establishing of a lottery, and forbidding the doing of the things authorized to be inhibited by the Constitution, an ordinance passed by the city of Wink, civil in character, would not be enforceable any more than a penal ordinance which must conform to the legisla-

tive statute. The Constitution grants the power to the Legislature to pass a law inhibiting the establishment of lotteries and gift enterprises, and not to cities and towns. Municipal corporations are creatures of the state, contrived for its benefit, and are invested with such authority and privileges, and have only such powers, as the state has seen fit to confer upon them. City of Sweetwater v. Hamner (Tex. Civ. App.) 259 S. W. 191; 30 Tex. Juris. p. 97, and the authorities there cited. They exercise only delegated authority.

■ The trouble we find in the ordinance is that it undertakes to legislate in matters, apart from the criminal, not subject to legislation by cities and towns, unless specially authorized to do so by its charter or some law of the state.

The motion is overruled.