## CITY OF BROWNWOOD v. ANDERSON.

### No. 4564.

Court of Civil Appeals of Texas. Amarillo.

March 16, 1936.

R. L. McGaugh, J. C. Darroch and E. M. Davis, all of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

JACKSON, Justice.

The appellee, Mrs. Ruth Anderson, a widow, instituted this suit in the district court of Brown county, to recover damages for the death of her son, Robert Otto Anderson, which she claimed was occasioned by the negligence of the agents, servants, and employees of appellant, the city of Brownwood, a municipal corporation.

She alleged the city owned and operated, in improving and maintaining its streets, two Baker-Manley self-loading scrapers, de-scribed in her petition, and that some weeks prior to November 17, 1934, it placed the scrapers on a vacant lot near the intersection of Fisk avenue and Highway No. 10, and left the dirt boxes on the scrapers in an elevated position; that the box on such a scraper is hoisted and held in such elevated position by a chain, easily released by a trigger, and when so released the box collapses and the back wall thereof and a bar on the front of the scraper come together with great force, something like the jaws of a powerful steel trap. That the machines, with their seats, wheels, dirt boxes, chains, levers, handles, and bright color, were very attractive, constituted an invitation to children to play thereon, and were especially dangerous because of the position in which the dirt boxes were left; all of which was well known to the city. That it placed no warning of such danger, erected no guard or fence to prevent children from going upon and playing on the machines, and such acts and conduct were negligence and the proximate cause of the death of deceased and appellee's damages. That her son Robert was strong, healthy, and active physically, very bright, energetic, and industrious, quick in his studies, and had reached the third grade in school, but he did not and could not realize and appreciate the dangerous character of the scrapers or the risk of suffering injury by playing thereon.

The city answered by general demurrer, special exceptions, general denial, and alleged that it left the scrapers in a safe condition, and if at the time of the death of plaintiff's son a dangerous condition existed, it was due to the act of some trespasser or stranger who had moved the scrapers and left them in a dangerous condition of which the city had no knowledge; that the deceased was a very bright and intelligent boy, had sufficient understanding to know and appreciate the danger, and was a trespasser on appellant's premises, and that both he and the plaintiff were guilty of contributory negligence.

In response to special issues the jury found that appellant left the scrapers with the dirt boxes raised so as to be easily collapsed at the place where the deceased received his injury; that the scrapers had not been moved nor the dirt boxes raised since left by the city; that leaving the scrapers at such place and in the condition they were was negligence, and such negligence was the proximate cause of the death of appellee's

son; that the value of his services prior to reaching his majority, over and above the expense of his care and education, would have been $1,500, and he would have contributed to the support and maintenance of appellee after he reached his majority $3,500; that the reasonable and necessary funeral expenses paid by appellee were $137.50; and that the appellee was not guilty of contributory negligence.

Upon these findings judgment was rendered in favor of appellee for the sum of $5,137.50, with interest from the date of the judgment at the rate of 6 per cent. per annum.

The appellant challenges as error the action of the court in failing and refusing to submit to the jury the issue of the contributory negligence of the deceased because it objected and excepted to the court's charge in the following language: "Defendant objects and excepts to the charge as a whole because it does not submit to the jury for their finding the question of whether or not the deceased child was guilty of contributory negligence in going in, on and about the scraper belonging to the City at the time of his death."

The appellee contends that the issue of the contributory negligence of the deceased was waived by appellant because it did not prepare and present to the court a question submitting such an issue.

The testimony shows without dispute that the vacant lot on which the scrapers were left was the property of the city; that the deceased was over eight years old when injured, was healthy, energetic, and intelligent, bright in his studies, and had a sense of responsibility; that with two younger boys he went, on November 17, 1934, to the vacant lot where the machines were, and while playing on one of the scrapers the dirt box collapsed and inflicted the injuries from which he died in a few minutes.

"It has been held by numerous decisions that a child under the age of seven years is presumed not to have discretion such as will enable him to avoid danger or dangerous places, and that as to children between the ages of seven and fourteen years, it is a question of fact as to whether they possess such discretion." Johns v. Fort Worth Power & Light Co. (Tex.Civ.App.) 30 S.W.(2d) 549, 557 (writ refused).

■ Appellee alleged in effect that on account of his immature years her son did not appreciate the danger to which he exposed himself, but his incapacity was an issue of fact to be determined by the jury because the testimony is that he was more than eight years of age, energetic, bright, and intelligent, with a sense of responsibility.

"This does not bring him within the age at which courts have held a child to be exempt, as a matter of law, from the charge of contributory negligence; neither does it place him at such age as the court will, as a matter of law, hold that he was responsible for his acts. It was question of fact for the jury, to be determined upon the evidence adduced before them. If there was no evidence upon the subject, the issue should not have been submitted, or, having been submitted, the jury ought to have found for the defendant, because it devolved upon the plaintiff to show that, for want of discretion, the negligent act of the deceased was not imputable to him." St. Louis & S. W. Ry. Co. v. Shiflet, 94 Tex. 131, 58 S.W. 945, 947.

■ "The rule in this state is that the question of discretion in children is a question for the jury." Dudley & Orr v. Hawkins (Tex.Civ.App.) 183 S.W. 776, 779.

■ In order to exempt the deceased from contributory negligence, the burden was on appellee to establish the issue of his want of discretion. Duron v. Beaumont Iron Works (Tex.Com.App.) 9 S.W.(2d) 1104; City of Menard v. Coats (Tex.Civ.App.) 60 S.W.(2d) 831. This issue was not submitted by the court or requested by appellee, but such want of discretion was erroneously assumed as a matter of law. Since such issue was not determined in behalf of the appellee, the contributory negligence of the deceased was a defense, and the issue having been pleaded and raised by the evidence, it should have been submitted to the jury, unless such defense was waived and abandoned by the failure of appellant to prepare and present to the court a question submitting such issue.

The appellant, in writing, objected to the court's charge as a whole for the specific reason that it failed to submit to the jury the issue of the contributory negligence of the deceased, and reserved its exception to the charge because of such failure.

Speer, in his Law of Special Issues (page 405, par. 288), says: "It is obvious from what has been said that an objection to a charge may be of such a nature as to constitute in law a request for the submission of an issue, as where the specific objection

is that the court has not submitted 'a particular issue."

In El Paso Electric Co. v. Collins (Tex. Com.App.) 23 S.W.(2d) 295, 298, Judge Critz holds that: "Notwithstanding there was no error in the refusal of the trial court to give the special charges above discussed, still it was error for the trial court to refuse to submit proper issues of negligence on the part of plaintiff under the city ordinance above discussed, for the reason that the electric company duly and seasonably excepted to the main charge on account of its failure to submit such issues. Missouri, K. & T. Ry. Co. v. Long (Tex.Com.App.) 299 S.W. 854."

In Southern Casualty Co. v. Fulkerson (Tex.Com.App.) 45 S.W.(2d) 152, 156, the same distinguished judge says: "Of course, the insurers had the right to have the jury make a direct and specific finding as to whether the operation was or was not successful, had they properly and seasonably requested such an issue or properly and seasonably excepted to the charge as given on the ground that it failed to directly and specifically submit such issue."

In Morrison v. Antwine (Tex.Civ.App.) 51 S.W.(2d) 820, 822, Justice Alexander says:

"The appellant did not tender an issue as to whether appellee, under all the circumstances, was negligent in operating his car at the rate of speed at which it was being operated, but relied on his objections as above set out, and appellee contends that since the defect in the charge consisted of a mere omission of a material issue and not a misstatement of the law, the appellant could not raise the defect by an objection to the charge without tendering an issue thereon. Revised Statutes, article 2190 as amended by acts 1931, c. 78, § 1 (Vernon's Ann.Civ. St. art. 2190), requires the court to submit to the jury all the issues made by the pleadings and evidence. It further provides: 'Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment.'

"It will be noted that the statute does not require the complaining party to tender a special charge when a necessary issue relied on by him has been omitted from the charge. It only requires that the submission of such issue be requested in writing. Such a request may be made by an objection to the charge for its failure to include such issue, provided the defect is clearly pointed out, or the complaining party, in his written objections to the charge, may request the court to prepare and submit a proper issue thereon. Robertson & Mueller v. Holden (Tex.Com. App.) 1 S.W.(2d) 570, 571; Southern Casualty Co. v. Fulkerson (Tex.Com.App.) 45 S.W.(2d) 152, 156; El Paso Electric Co. v. Collins (Tex.Com.App.) 23 S.W.(2d) 295, qualified in Id. (Tex.Com.App.) 25 S.W. (2d) 807; Speer on the law of special issues, page 369, § 249."

To the same effect are the holdings in Kansas City, M. & O. R. Co. of Texas v. Foster (Tex.Civ.App.) 54 S.W.(2d) 270, and Richards v. Westmoreland et al. (Tex. Civ.App.) 63 S.W.(2d) 715, and authorities cited.

■ In view of the written objections calling attention to the specific error complained of (the failure to submit contributory negligence), such issue as a defense was not waived or abandoned, unless by force of the statute, since intention, one of the essential elements of waiver and abandonment, is affirmatively shown to be absent.

■ Under the statute a charge to which no objection is made is considered approved.

■ "It is the intention of a law which is the law; and once truly ascertained, it should prevail, even against the strict letter of the law.

"The purpose of the act is plain. It is to provide the court, in advance, with the objections to which the charge is deemed subject, so as to afford opportunity for its correction in the particulars urged. It is, in a word, to secure, as far as possible, the preparation and submission of a correct charge to the jury." Walker et al. v. Haley, 110 Tex. 50, 214 S.W. 295.

In our opinion the appellant did not waive his right to have contributory negligence submitted to the jury, or abandon such issue as a defense, and this assignment is sustained.

The judgment is reversed, and the cause remanded.