### Galveston, Harrisburg & San Antonio Railway Company v. John La Prelle.

#### Decided December 11, 1901.

**1.—Passenger Carrier—Assault by Conductor—Contributory Negligence.**

A carrier is liable for an unlawful assault upon a passenger by its conductor, though provoked by a previous assault by the passenger; the issue arising on the passenger's first assault is one of self-defense, and not of contributory negligence.

**2.—Assault by Conductor—Provocation—Damages.**

The fact that the unlawful assault by the conductor was provoked by a previous one on him by the passenger, is, it seems, admissible in mitigation of damages, exemplary at least.

Appeal from Caldwell. Tried below before Hon. L. W. Moore.

La Prelle sued the railway company and recovered judgment, from which the latter appealed.

*Thomas McNeal* and *A. L. Jackson,* for appellant.

*A. B. Storey, E. B. Coopwood,* and *W. Van Sickle,* for appellee.

KEY, Associate Justice.—This case involves the question of the liability of a common carrier for injuries inflicted by its servant upon a passenger. According to the testimony of the plaintiff, to which the jury evidently gave credit, he was a passenger on the defendant's railway, and a difference of opinion having arisen between him and the conductor in reference to the amount of fare he should pay, the plaintiff, without just cause and in violation of law, struck the conductor with his fist or hand, thereby committing an assault and battery. The conductor did not then defend himself or resent the assault made upon him, but left the plaintiff and went into another car, where he procured a pistol and then returned; and, without further provocation or excuse, committed a violent assault and battery upon the plaintiff, inflicting injuries of such a nature as justified the jury in fixing the amount of his damages at $1200, the amount specified in the verdict.

The case has been in this court once before, and most of the questions involved were then decided against appellant, but the case was reversed on a question not involved in the present appeal. We hold that the verdict is supported by the testimony and that the jury were warranted

in finding that the defendant had not exercised that high degree of care for the protection of the plaintiff which the law imposes as a duty owing by a common carrier to its passengers.

The main question relied on by appellant for a reversal of the judgment is the failure of the court to submit to the jury what is termed the question of contributory negligence, arising out of the conduct of the plaintiff before the commission of the assault upon him by the conductor.   The testimony of the conductor was to the effect that the plaintiff struck and assaulted him because he declined, in a gentlemanly manner, to correct a mistake which plaintiff claimed a former conductor had made in collecting fare from him; that the plaintiff struck him a violent blow with his fist, which knocked him across the aisle and against a seat,—had a stunning effect and caused him pain, and that the plaintiff at the time called him a son of a bitch; and that the conduct of the plaintiff, especially the abusive language referred to, provoked him.

Counsel for the defendant company asked the trial court to instruct a verdict for the defendant, and also requested the following special instruction, which was refused:

"You are instructed that under the undisputed evidence in this case the plaintiff himself committed on the person of Moses Dillon, the conductor, an. assault and battery, and that such conduct on the part of plaintiff was without legal justification or excuse; and you are further instructed that plaintiff was responsible for the consequences of his own wrong.   Therefore, if you find from the evidence that the conductor, Moses Dillon, smarting under the assault and battery committed on him as aforesaid, and as a natural and probable consequence thereof, thereafter approached the plaintiff for the purpose of resenting plaintiff's aforesaid wrong, and laboring under a state of mind superinduced by such wrongful conduct on the part of plaintiff, struck and injured the plaintiff, and thereby committed an assault and battery, for which the said Moses Dillon himself would be liable under the law, then and in such event you will find your verdict in favor of the defendant, and this notwithstanding the wrong so committed by said conductor, and for which he individually would be held liable as aforesaid."

The contention is that the passenger who, by his own wrongful conduct in committing an assault and battery upon the conductor, arouses the indignation and resentment of the latter, and, as a natural and probable consequence, receives injuries at the hands of the conductor, can not recover of the carrier for such injury, although the conductor himself, under such circumstances, might be guilty of a misdemeanor in the eyes of the criminal law.   Although it finds support in some of the authorities cited in appellant's brief, we can not sanction this proposition.   As ruled in Dillingham v. Russell, 73 Texas, 47, we hold that the conductor was the agent and representative of his principal, the railway company, and that his act in assaulting the plaintiff was, in so far as this suit is concerned, the act of his principal; and if he commit-

ted an assault and battery upon the plaintiff, any prior conduct on the part of the plaintiff which would not in law justify the assault and battery, can not avail the appellant as. a defense against the plaintiff's action for damages. Whether or not proof of such provoking conduct might be considered in mitigation of damages, we are not called upon to decide, as that question is not presented; still, it is not amiss to say that such evidence is generally held to be admissible in mitigation of exemplary damages, at least.

The conductor's evidence in reference to the second altercation raised the issue of self-defense, and the court charged on that issue and instructed the jury that if the conductor acted in self-defense the plaintiff was not entitled to recover damages. If the conductor committed the acts of violence complained of, then, in our opinion, the law of self-defense affords the true test of liability; and the plaintiff's entire cause of action could not be defeated by showing that he was guilty of provoking conduct which fell short of justifying the conductor in inflicting the injuries complained of.

We have considered all the assignments presented in appellant's brief; and, without further discussion, overrule all of them and affirm the judgment of the District Court.

*Affirmed.*

Writ of error refused.