## FRED HARVEY v. COMEGYS.  (No. 9541.)

(Court of Civil Appeals of Texas. Fort Worth. March 26, 1921. Rehearing Denied June 4, 1921. Second Rehearing Denied July 2, 1921.)

1. Appeal and error ☜1033(5)—Instruction in action for injuries against restaurant proprietor harmless to him.

In an action against a restaurant proprietor for injuries received by plaintiff in a fight with the manager of the restaurant, an instruction that if the difficulty occurred as the result of a mutual agreement between plaintiff and the manager to fight, defendant restaurant proprietor would not be liable, was favorable to defendant proprietor, and, if erroneous, was harmless to it.

2. Assault and battery ☜12, 34—Verbal provocation does not justify; fact may be considered in mitigation.

Verbal provocation does not justify an assault, though it may be considered by the jury in mitigating the damages sought to be recovered.

3. Trial ☜240—Instruction in action for injuries against restaurant proprietor argumentative and calculated to mislead.

In an action against a restaurant proprietor for injuries to plaintiff in a fight with the manager, instruction that the fact that the manager was an employee of the proprietor did not deprive him of the right of any other person to resent abuses and defend himself, etc., was properly refused, as argumentative and calculated to mislead the jury.

4. Master and servant ☜332(4)—Instruction on assault by servant unsupported by evidence.

In an action against a restaurant proprietor for injuries to plaintiff in a fight with the manager of the restaurant, instruction that if any other person aided the manager in the assault on plaintiff, if there was an assault, at the instigation or consent of the manager, defendant restaurant proprietor would be liable for his act, etc., held erroneous, the evidence failing to show that the bystander who took part in the difficulty by striking plaintiff did so with the consent and at the instigation of the manager; in lieu of such instruction the court should have charged, as requested by defendant proprietor, that it was not responsible for any injuries inflicted by the bystander.

5. Trial ☜251(8)—Instruction in action for assault by restaurant manager properly refused as abstract.

In an action against a restaurant proprietor for injuries sustained by plaintiff when assaulted by the manager, defendant proprietor's requested instruction that it was the duty of the manager of the restaurant and its patrons while in the restaurant to treat each other with courtesy, etc., was properly refused as abstract.

6. Assault and battery ☜27—Evidence of condition of wife of employee charged with assault held immaterial.

In an action against a restaurant proprietor for injuries to plaintiff in a fight with the manager of the restaurant, the trial court properly excluded the testimony offered by defendant restaurant proprietor to the effect that the wife of its manager, who was in the office with her husband when the controversy began, was in a delicate condition.

7. Trial ☜105(2)—Hearsay, unobjected to, may support judgment.

Hearsay testimony, when admitted without proper objection, may support a judgment.

8. Assault and battery ☜43(2) — Instruction on assault improperly refused.

In an action against a restaurant proprietor for injuries to plaintiff in a fight with the manager of the restaurant, defendant restaurant proprietor offering testimony tending to show that plaintiff started the fight by seizing the manager and pulling him out of the door of the restaurant, defendant's requested instruction that, if such evidence was true, verdict should be returned for defendant, was improperly refused.

On Motion for Rehearing.

9. Assault and battery ☜31—Evidence of bystander's remarks to person assaulted held immaterial.

Testimony of defendant restaurant proprietor's witness that during the difficulty its manager was backing away from plaintiff, and that a woman who was present ran to plaintiff and begged him to stop fighting the manager, telling him that it was a shame for him to fight a man so much under his size, was objectionable as immaterial.

Appeal from District Court, Cook County; C. R. Pearman, Judge.

Action by E. F. Comegys against Fred Harvey, a corporation. From judgment for

plaintiff, defendant appeals. Judgment reversed, and cause remanded.

Davis & Davis, of Gainesville, and Robert Carswell, of Dallas, for appellant.

Stuart, Bell & Moon, of Gainesville, for appellee.

DUNKLIN, J. Fred Harvey, a private corporation, which is engaged in the business of maintaining and conducting a restaurant for the service of food to the public in the town of Gainesville, has appealed from a judgment rendered against it in favor of E. F. Comegys, plaintiff, for damages resulting from personal injuries alleged to have been inflicted by two of the defendant's servants while plaintiff was a guest in its restaurant.

Briefly stated, the facts established upon the trial, without controversy, were as follows: A passenger train upon which plaintiff was riding stopped as Gainesville, and plaintiff, together with other passengers, went into defendant's restaurant for lunch. Plaintiff took a seat at the lunch counter, and gave to the waitress an order, which included oyster soup, having first looked over the bill of fare and ascertained the price list therefor, as well the prices of the other articles ordered. Through mistake, the waitress, who had recently been employed by defendant, and who lacked the experience of better trained employees in her position, served the plaintiff with oyster stew instead of oyster soup. Plaintiff ate the stew, believing it to be oyster soup. After he had finished his lunch, the waitress gave him a ticket, showing the amount he owed for the lunch ticket to be 60 cents instead of 35 cents, which latter was the aggregate charge of all the articles he had ordered as shown by the price list. But according to the same price list, with the oyster stew substituted for oyster soup, the bill he owed was 60 cents instead of 35 cents. After plaintiff had inspected the ticket, he called the attention of the waitress to the mistake in filling his order, and asked for another ticket, showing that he only owed 35 cents instead of 60 cents. The waitress admitted that it was her mistake, took up the ticket that she had already given the plaintiff and gave him another, showing that he owed only 35 cents. Thereupon O. D. Dooms, defendant's manager in charge of the restaurant, appeared on the scene and instructed the waitress that she had no authority to correct such a mistake, and directed her to take up the last ticket given plaintiff and substitute therefor another, showing that he owed 60 cents for his lunch instead of 35 cents. Plaintiff then went to the desk where Dooms was collecting from the patrons for meals, and offered him 35 cents in full settlement of the bill, and refused to pay the 60 cents charged. After a rather heated verbal conversation between the two men over the matter in dispute, Dooms agreed to accept the 35 cents offered by plaintiff in full settlement of the bill, which plaintiff then paid. After thus settling the bill, plaintiff started out of the door, and a fight ensued between him and Dooms, who was standing at the door from which the passengers emerged from the restaurant to the railroad platform, where the difficulty ended. Plaintiff was a larger and stouter man than Dooms, and during the fight some bystander attempted to assist Dooms, and, according to the testimony offered by plaintiff, this bystander struck plaintiff twice on the back of his head, inflicting painful injuries. A friend of plaintiff caught hold of this bystander, and thus prevented him from taking any further part in the difficulty. In his petition, plaintiff alleged, in effect, that both Dooms and the other person who struck him were agents and servants of the defendant, acting within the apparent scope of their authority as such servants, and he sought damages for the assault he alleged was made upon him by them in the presence of a great crowd of people, which resulted in the humiliation of his feelings, as well as great bodily injuries and suffering.

[1] Complaint is made of an instruction by the court to the effect that if the difficulty occurred as a result of a mutual agreement between the plaintiff and Dooms to fight, the defendant would not be liable; the contention being that there was no evidence of any such agreement. A sufficient answer to this assignment is the fact that it was favorable to the defendant, and hence the giving of the instruction, if error at all, could not have harmed the appellant. Abilene Light & Water Co. v. Robinson, 146 S. W. 1052.

[2] Error has been assigned to the refusal of appellant's requested instruction, to the effect that, if plaintiff, by insulting words or conduct, or by bantering O. D. Dooms to fight, provoked or brought about the difficulty, although the jury did not believe plaintiff did not strike the first blow, then the verdict should be for the defendant. There was evidence introduced tending to show that Dooms began the fight, while the testimony of other witnesses was to the effect that plaintiff started it. The requested instruction was properly refused, since it seems to be well settled that in such a case a verbal provocation does not justify an assault, although it may be considered by the jury in mitigating the damages sought to be recovered, and the court so charged the jury. G., H. & S. A. Ry. Co. v. La Prelle, 27 Tex. Civ. App. 496, 65 S. W. 488; Parham v. Langford, 43 Tex. Civ. App. 31, 93 S. W. 525; 5 Corpus Juris, 644, and decisions there cited.

[3] The instruction requested by appellant, to the effect that the fact that O. D. Dooms was an employee of the defendant, did not deprive him of the right that a human being ordinarily has, and that he had the same right as any other person to resent abuses

(233 S.W.)

and defend himself against the unlawful attack, and use such force necessary for that purpose, was properly refused, because it was argumentative and calculated to mislead the jury.

[4] The following is one of the paragraphs in the court's charge:

"If any other person aided and assisted said Dooms in the assault, if there was an assault at the instigation or consent of said Dooms, the defendant would be liable for his act; also, if you find the defendant liable on account of the act of Dooms, but if said other person, of his own volition and without the instigation or consent of Dooms, took part in the fight between the plaintiff and Dooms, if there was a fight, then and in that event Fred Harvey would in no wise be responsible for the acts of such other person."

[5] The giving of that charge, we think, was error, for which the judgment must be reversed, because we are of the opinion that the evidence failed to show that the bystander who took part in the difficulty and assisted Dooms by striking plaintiff did so with the consent and at the instigation of Dooms, and the giving of that charge, we believe, was calculated to, and probably did, result in harm to the appellant. In lieu of that instruction, in view of what appears to be the uncontradicted evidence that the bystander who took part in the difficulty did so without the knowledge or consent of Dooms, we think the court should have given the instruction requested by the defendant, to the effect that defendant was in no manner responsible for any injuries inflicted by such bystander. There was no error in the refusal of defendant's requested instruction to the effect that it was the duty of Dooms and patrons of defendant while in the restaurant to treat each other with courtesy, since such an instruction was an abstract proposition of law, with no attempt to apply it to the facts of the case.

[6] There was no error in the exclusion of the testimony offered by defendant to the effect that Mrs. Dooms, the wife of O. D. Dooms, who was in the office with her husband at the time the controversy began, was in a delicate condition, since the same was immaterial and irrelevant to any issue in the case.

[7] The defendant offered to show by the testimony of one of its witnesses that during the difficulty Dooms was backing away from the plaintiff, and that a woman who was present and who witnessed the difficulty ran to plaintiff and begged him to stop fighting Dooms, and telling him, in effect, that it was a shame for him to fight a man so much under his size. That testimony was excluded upon plaintiff's objection that it was immaterial and irrelevant, and a conclusion and a repetition. We are of the opinion that the testimony should have been admitted as against that objection. It was not objected to on the ground that it was hearsay. In the absence of such an objection, we are not called on to determine whether it was admissible because it was a part of the res gestae, as insisted by appellant. Although the testimony was as to hearsay declarations, it cannot be said that for that reason it was irrelevant and immaterial to any issue in the case. Hearsay testimony, when admitted without proper objection thereto, may support a judgment. Gray v. Fussell, 48 Tex. Civ. App. 261, 106 S. W. 454.

[8] The defendant offered testimony tending to show that plaintiff started the fight by seizing Dooms and pulling him out of the door of the restaurant to the platform, where the principal part of the difficulty occurred, and requested an instruction to the effect that if such evidence was true, then the verdict should be returned for the defendant. We believe it was error to refuse that instruction.

For the errors pointed out, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[9] Upon further consideration, we have reached the conclusion that there was no error in the exclusion by the trial court of the proffered testimony of one of defendant's witnesses, to the effect that during the difficulty a woman who was present ran to the plaintiff and begged him to stop fighting Dooms, and telling him that it was a shame for him to fight a man so much under his size. That testimony did not tend to show whether the fight was begun by Dooms or by the plaintiff, which was the material issue. Hence the contrary conclusion expressed in the opinion on original hearing is withdrawn.

The only other assignment of error which we sustained was the one addressed to that portion of the charge which is copied in the original opinion, wherein the jury was told that the defendant would be liable for the assault made by another person if such other person aided and assisted Dooms in the assault at the instigation of Dooms. We held that the evidence was insufficient to show that such other person was instigated by Dooms to aid him in the fight, and we adhere to that conclusion. The evidence showed that the principal injury done to the plaintiff was inflicted by the bystander, Graham, who was a friend of Dooms, and in the argument upon the motion for rehearing appellee conceded that the jury allowed damages for the injury done by Graham. Hence it cannot be said that the error in the charge was harmless, but appellee earnestly insists that the error, if any, in giving the charge was invited by the appellant, and therefore he is in no position to complain of it. That contention is predicated upon an instruction requested by appellant, reading as follows:

"If any other person, of his volition, took part in the fight between the plaintiff and Dooms, then Fred Harvey is in no manner responsible for the acts or doing of such other person."

It will be noted that in a portion of the charge copied in the original opinion substantially that instruction was given in connection with the further converse instruction, to the effect that the defendant would be liable for the assault by such other person if such other person acted at the instigation of Dooms. The instruction so requested by the defendant was special instruction No. 7, while special instruction No. 1, requested by the defendant, reads as follows:

"There is no proof that any other employee of the defendant participated in the fight between plaintiff, E. F. Comegys, and O. D. Dooms, and you will disregard the allegations in the petition, claiming that any one ·besides said Dooms took part in said fight."

The proof showed that Dooms was the manager in charge of the defendant's eating house where the controversy between plaintiff and Dooms originated, and presumably had general authority to employ others to assist in the conduct of the defendant's business. Evidently the testimony offered by the plaintiff to show that during the fight Graham struck him on the back of his head and inflicted a serious injury upon him was offered upon the theory that Graham was, in law, a servant or agent of the defendant, in accordance with allegations contained in plaintiff's petition that the injury of which he complained was inflicted by "two of the agents and servants of the defendant, acting within the apparent scope of their authority."

Defendant's requested instruction No. 1 clearly presented the contention, in effect, that there was no sufficient evidence to show that Graham, the bystander,.in striking the plaintiff did so at the instigation of Dooms, or any one else authorized by the defendant to employ him to do so. That instruction having been requested and refused, and apparently having been presented before the requested instruction No. 7 was presented, we hardly perceive how it can be said that the defendant is deprived of the right to complain of the erroneous instruction upon the theory that the error in giving it was invited by the defendant, especially when it is conceded by the appellee and shown by the evidence that the injury inflicted by Graham, the bystander, was one of the injuries for which damages were allowed.

Appellee urgently insists that there were sufficient facts and circumstances to warrant a finding by the jury that Dooms did request Graham to aid him in the event of a probable difficulty with the plaintiff. It is true that the evidence showed conclusively that Gra-ham and Dooms were close friends, and that he (Graham), was present during the quarrel which occurred between the two men before the fight began. There were other circum-·stances tending to show that possibly Dooms may have said to Graham that he (Dooms) desired his assistance in the event a fight started, but all of those circumstances taken together go no further than to arouse a suspicion that the participation in the fight by Graham was possibly at the instigation of Dooms. In order to conclude that that amounted to proof of that fact, it would be necessary to build one inference upon another, which cannot be done. In the case of Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059, circumstances even more cogent than those recited above were shown to prove that an arrest of the plaintiff was made by the direction of defendant, against whom damages were sought for the arrest, but it was held that they amounted to no more than a mere scintilla of evidence, which was insufficient to sustain a verdict and judgment against the defendant.

With the correction above made, the motion for rehearing is overruled.