Thomas M. MOHLER, Appellant,

v.

V. R. OWENS et al., Appellees.

No. 13786.

Court of Civil Appeals of Texas.

Houston.

Jan. 4, 1962.

John H. Holloway, Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, Scott Talbert, Houston, for appellee, V. R. Owens.

R. Wayne Amos, Houston, for appellee, Robert C. Cooper.

Richard H. Powell, Paul A. Tucker, Houston, for appellee, Joe A. Massey.

WERLEIN, Justice.

Appellant, Thomas M. Mohler, appeals from a judgment based on a jury verdict in his favor for $500.00 against appellee, Robert C. Cooper, for personal injuries resulting from an unlawful assault on his person by said appellee. Appellant undertook to prove that Cooper and defendant Joe A. Massey were at the time of the assault in the process of repossessing a 1940 Chevrolet at the request of appellee, V. R. Owens, who was engaged in the used-car and finance business under several names. The minor defendants, Kenneth Penn Owens and Richard C. Owens, were dismissed from the suit by appellant and the court instructed a verdict for defendant Massey.

Appellant asserts that the trial court erred in denying him a new trial because of prejudicial, material and uncontroverted jury misconduct in determining the damage issue by a majority vote. Only two jurors were called to testify as to the amount of actual damages awarded. The jury did not award exemplary damages.

Juror Thomas G. Hill testified in substance that the amount of damages was a contested issue among the jurors and they were split on it; that a couple of jurors didn't want to give anything but most of them wanted to give some amount, and they had a long discussion about it; that he thought the highest figure any juror wanted to award appellant was approximately $1,000.00; that at the time the jurors voted on $500.00 they were not unanimous, and in that connection the jurors agreed to be bound by the majority vote of the jurors; that they first took the sum of $500.00, and there were two against it and ten for it, to the best of his recollection, so they left the amount at $500.00 with two against it and ten for it, and reported that figure; that there were no further votes taken on the issue, and that prior to that time they had agreed to be bound by the majority vote.

To questions asked by the court, Juror Hill testified that in spite of the court's instructions he made an agreement with the rest of the jurors to be bound by what the majority said; that if he remembered correctly two of the jurors wanted to give a lesser amount, but he himself voted for the amount of $500.00 without any agreement, thinking it was a proper amount under the evidence.

Juror A. D. Cobb testified in substance that the jurors were hotly contesting as to the amount to be awarded the plaintiff; that the jurors agreed in a way that they would be bound by a majority vote; that there was a majority vote taken, and from that majority vote the other jurors changed their votes, making it unanimous,

"but they went by the majority vote"; that he wanted to give $1,000.00, and in advance of the majority vote, he agreed to be bound by whatever figure was voted. To questions asked by the court he testified that there was an agreement made by the jurors, including himself, before they voted on the damage issue, to be bound by whatever the majority said; that there was an agreement made by all twelve jurors to vote by whatever the majority said, regardless of what they said; and he entered into the agreement with the rest of the jurors to be bound by the majority regardless of what they thought about it themselves.

We are aware of the rule that the evidence must be viewed most favorably to the court's order overruling the motion for new trial and that the trial court has great latitude in passing upon the credibility of the witnesses and in weighing the testimony. State Teachers' Mutual Life Ins. Co. v. Mims, Tex.Civ.App.1934, 74 S.W.2d 549, writ ref.; St. Louis B. & M. R. Co. v. Cole, Tex.Com.App.1929, 14 S.W. 2d 1024.

In the instant case, however, the testimony of Jurors Hill and Cobb is uncontroverted and clearly evidences an agreement entered into by all the jurors, prior to voting on the amount of $500.00, to be bound by the majority vote on the damage issue regardless of what the individual jurors considered the proper amount of damages. The testimony further shows that such agreement was carried out in answering the issue on damages. We think the uncontroverted testimony of said jurors, which is not contradictory in any material aspect, clearly shows as a matter of law jury misconduct. Tian v. Warren, Tex.Civ.App.1954, 271 S.W.2d 453, writ ref., n. r. e.; McDonald's Texas Civil Practice, Vol. 3, Sec. 14.13; Rule 291, Texas Rules of Civil Procedure. In Kindy v. Willingham, 146 Tex. 548, 209 S.W.2d 585, 1948, our Supreme Court said:

"The law is well settled in this and other jurisdictions that the action of jurors in binding themselves in advance to abide by the decision of the majority upon issues submitted to them vitiates the verdict so reached. This rule is not affected by the fact that after the majority expresses its will, all of the jurors assent thereto either in the jury room or thereafter in open court. Casstevens v. Texas & P. Ry. Co., 119 Tex. 456, 32 S.W.2d 637, 73 A.L.R. 89; Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730."

The next question is whether or not such misconduct probably resulted in prejudice to appellant. Rule 327, Texas Rules of Civil Procedure. The evidence shows that the jury had not been able to decide on the amount of damages to be awarded appellant, and that pursuant to the agreement entered into by them to be bound by the majority vote of the jurors, they did finally award the amount of $500.-00 which the majority of the jurors voted to give appellant as compensation. The evidence also shows that at least one juror because of the agreement lowered the amount he wanted to allow appellant from $1,000.00 to $500.00. Even if only one juror was influenced by the misconduct, that is enough to vitiate the verdict. Texas Electric Ry. Co. v. Wooten, Tex. Civ.App.1943, 173 S.W.2d 463, writ ref. w. m. We have concluded that the misconduct in question was material and that it reasonably appears from the evidence, both on the hearing of the motion for new trial and the trial of the case and from the record as a whole, injury probably resulted to appellant.

We think the amount of $500.00 actual damages found by the jury would ordinarily be considered grossly inadequate compensation for the severe injuries sustained by appellant. The evidence shows that both jaws of appellant were fractured, with one fracture displaced; that

appliances had to be placed in appellant's mouth and wired to his teeth in order to hold his jaws together, and that such appliances remained in his mouth for approximately six weeks; that appellant had a large amount of swelling on the right side of his face, and that the fractures were very painful, and that the pain was severe in nature while the dislocated fragment of the jaw was being pulled back into position; and that a charge for medical services of $250.00 would be reasonable although no bill was rendered by Jefferson Davis Hospital, which is a charity hospital, or by appellant's doctor. There is also testimony that appellant lost wages of between $60.00 and $80.00 a week for at least twelve weeks, or a minimum loss of $720.00. Laney v. Hardy, Tex.Civ.App.1954, 265 S.W.2d 609.

We cannot say, however, that the amount of damages awarded is grossly inadequate under the circumstances of this case or that it indicates, as a matter of law, that the jury was actuated by passion or prejudice, in view of the fact that in connection with the damage issue the jury was properly instructed by the court with respect to the elements of damage to be considered and was also instructed in regard to mitigation of damages as follows:

"You are instructed that in determining the amount of damages to be awarded the Plaintiff, either actual or exemplary, you may take into consideration the manner and conduct of the Plaintiff toward the Defendant at the time of the altercation, and if the manner and conduct of the Plaintiff were such as, in you opinion, amounted to a provocation on his part in bringing about the difficulty, then his damages, actual or exemplary, or both, should be reduced to such sum as in your opinion might seem proper."

There is evidence that before the fight started appellant had cursed appellee Cooper, and at the time of the assault he got out of his car and said to Cooper

that he was going to kill him. The jury may well have concluded that appellant's words and conduct, while not a justification for the assault by Cooper, amounted to provocation on the part of appellant bringing about the fight, and that appellant's damages should be reduced accordingly. Indeed, the jury found in answer to Special Issue No. 8 that appellant provoked the difficulty by reason of his having, prior thereto, cursed appellee Cooper. The law appears to be well settled in this State that verbal provocation, independent of inflicting injury, although it does not justify an assault, may be shown in mitigation of both actual and exemplary damages and that the jury should be charged accordingly. Richards v. Westmoreland, Tex.Civ.App.1933, 63 S.W.2d 715; Daniels v. Starnes, Tex.Civ.App.1933, 61 S.W.2d 548, writ dism.; Fred Harvey, Inc. v. Comegys, Tex.Civ.App.1921, 233 S.W. 601; Walker v. Kellar, Tex.Civ.App.1920, 226 S.W. 796, writ ref.; Hall v. Hayter, Tex.Civ.App., 209 S.W. 436; 6 C.J.S. Assault and Battery § 17, p. 807; 6 Tex.Jur.2d p. 389, § 153.

We have concluded in light of the entire record and in view of the law with respect to mitigation of damages because of provocation, that we cannot say the judgment of the court based upon the jury verdict is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

■ Appellant complains that the trial court erred in submitting the issue as to ratification of the assault, conditionally on affirmative answers that the assault was committed by defendant Cooper in the scope of his employment for the defendant Owens.

We have carefully examined the record and fail to find that appellant objected or excepted to the court's charge and the submission of the issues as given. In support of the court's judgment it will, therefore, be presumed that no objections were timely made by appellant to the court's conditional submission of the issue on ratification. By failing to object to such conditional submission of said issue, appellant waived his right to jury trial of the unanswered issue on ratification. He waived not only the manner of submission but also the benefits, if any, which he might have received from a favorable answer to such issue. Colls v. Price's Creameries, Tex.Civ.App. 1952, 244 S.W.2d 900, writ ref., n. r. e.; Pacific Employers Ins. Co. v. Brasher, Tex.Civ.App.1951, 234 S.W.2d 698, writ ref., n. r. e.; Whiteside v. Tackett, Tex. Civ.App.1950, 229 S.W.2d 908; Burns v. Lamb, Tex.Civ.App.1958, 312 S.W.2d 730, ref., n. r. e.; Rule 274, Texas Rules of Civil Procedure.

■ In view of our holding with respect to the conditional submission of the issue on ratification, it is unnecessary to discuss appellee Owens' counter-points or the jury's findings on the other issues in favor of said appellee. Suffice it to say that the jury found that appellee Cooper was not acting at the time of the assault within the scope and course of his employment for Owens; that the assault was not committed with the intention of repossessing the automobile; and that at the time appellant executed the release introduced in evidence whereby he released appellee Owens from every claim he might have for personal injuries resulting from the assault, appellant had the mental capacity to read and understand such release. The trial court properly rendered judgment on the jury verdict that appellant take nothing against appellee Owens.

The jury misconduct occurred only in connection with the issue on damages after liability issues had been answered favorably to appellee Owens. Therefore such misconduct in no way affected the jury's exoneration of appellee Owens, and is immaterial as concerns appellant's claim against Owens. Under the jury's answers to the liability issues, appellant could not recover any damages against Owens regardless of any finding of damages.

Hence the jury's misconduct did not in any way result in prejudice or injury to appellant in connection with his claim against Owens. Rule 327, Texas Rules of Civil Procedure. The cause of action against Owens is entirely severable from that against Cooper. The issues with respect to Cooper's liability and damages can be fairly tried without Owens as a party to the suit. Cantu v. Casas, Tex.Civ.App. 1953, 265 S.W.2d 175, writ ref., n. r. e.; Lowery v. Berry, 1954, 153 Tex. 411, 269 S.W.2d 795; Rule 434, T.R.C.P. There appears to be no reason why the judgment should not be affirmed as to appellee Owens.

The judgment of the trial court is affirmed as to all parties except Cooper, and as to him the judgment is reversed and the cause remanded.

Affirmed in part and in part reversed and remanded.