Lee **TEEL, Individually and as Administrator of the Estate of James Lee Teel, et al., Appellants,**

v.

**Elton Wayne POTTER et al., Appellees.**

**No. 813.**

Court of Civil Appeals of Texas, Tyler.

April 24, 1975.

Rehearing Denied May 22, 1975.

Fairchild, Hunt & Price, John L. Price, Center, for appellants.

Zeleskey, Cornelius, Rogers, Berry & Hallmark, Ralph M. Zeleskey, Lufkin, for appellees.

McKAY, Justice.

This suit was instituted by appellant, Lee Teel, individually and as administrator of the estate of James Lee Teel, deceased, to recover damages because of the death of James Lee Teel as provided by the wrongful death statute, Art. 4675, Vernon's Ann. Tex.Civ.St. and in his capacity as administrator to recover damages under Art. 5525, V.A.T.S., commonly referred to as the survivor statute. The damages for which recovery was sought arose as the result of personal injuries suffered by James Lee Teel in an automobile-truck collision on April 14, 1970, which personal injuries in turn resulted in the death of James Lee Teel on May 11, 1970. The Court, after considering the answers to the special issues, rendered a take-nothing judgment in favor of the appellees. We affirm.

James Lee Teel, hereinafter called Teel, age 22 and Elton W. Potter, hereinafter called Potter, age 16, were casual friends in the town of Tenaha, Texas. On the night of April 13, 1970, after driving around their home town of Tenaha, for awhile, they decided about 10 p. m. to drive over to Nacogdoches, where they went into a cafe, played some pool and drank "some amount of beer." At all times during the evening of April 13, 1970, and the morning of April 14, 1970, the vehicle in which Teel was riding was driven by Elton W. Potter. At approximtely 12:45 a. m. on the morning of April 14th, Potter and Teel decided to return to Tenaha. While driving within the city limits of Nacogdoches, a police car began to follow the Potter car. Potter testified he was driving within the speed limit, but that his car made excessive noise, and that the first knowledge he had of the police car was when Teel told him it was there and urged him to run from the officers to avoid arrest. Potter, in an effort to elude the police, began to increase the speed of his vehicle up to 110–120 m. p. h. Approximately ½ mile north of the Nacogdoches city limits, with the police still in pursuit, the Potter vehicle struck the front of a truck and trailer driven by appellee John Fields and owned by appellee Melton Truck Lines, Inc., as it began to enter the highway after being parked at a service station. Upon impact, Teel was thrown from the automobile in which he was a passenger, and suffered the injuries which form the basis of this controversy. Appellant sought recovery from four defendants: Melton Truck Lines, Inc., John Fields, Elton W. Potter and his father, Homer J. Potter. This appeal is perfected against only Elton W. Potter and Homer J. Potter.

In response to special issues [1] the jury found that Potter failed to keep a proper lookout (1), that such was gross negligence (2), and a proximate cause of the accident (3). The jury further found Potter grossly negligent in driving his motor vehicle at an excessive rate of speed (4) and such negligence to be a proximate cause of the accident (5). Teel was found not to have been negligent (25), (28), but was found to have engaged in a contest of speed. Further, based upon the testimony of Teel's fiance at the time of the accident, who testified that Potter told her that "if he had stopped like Jimmy asked him, the accident wouldn't have happened," the jury found in special issues 18 and 31 that Teel did not advise Potter to engage in a contest of speed or to drive at a greater rate of speed than an ordinary prudent person in the same situation. The Court, in interpreting the verdict, determined that Teel's having engaged in a contest of speed violated Art. 795 P.C. (repealed in 1971) [2] and was contributory negligence as a matter of law.

Appellant presents twenty-six points of error, the majority of which concern the submission of special issues 17, 21 and 27. (See footnote 1).

◼ Appellant contends in his first six points that the Court erred in entering judgment based on issues 17, 21 and 27 because each is immaterial, evidentiary and not an ultimate controlling issue and should not have been submitted. No objections were made to the charge as submitted to the jury. Rule 272, Texas Rules of Civil Procedure, requires that objections to the charge not presented to the court in writing "shall be consi0ered as waived." There being no objection to these issues, these points are waived.

◼ Points of error 7 through 15 are somewhat interrelated and in the interest of clarity will be discussed together. Appellant complains in points 7–9 that issues 17, 21 and 27 should not have been submitted, but even though submitted, were rendered immaterial by the findings to the other issues submitted. Appellant waived any objection to the submission of these issues by failing to object in the trial court. Ap-

---

1. The jury verdict was substantially as follows:
   1. Potter failed to keep a proper lookout
   2. Such failure was in heedless and reckless disregard of the rights, welfare or safety of others affected by it
   3. Was a proximate cause of collision
   4. Potter's driving at excessive rate of speed was heedless and reckless diregard of the rights, welfare or safety of others
   5. Was proximate cause of the collision
   6. Potter attempting to outrun the police car was heedless and reckless disregard of rights, welfare or safety of others
   7. Was proximate cause of the collision
   8. Potter was owner of the car he was operating at the time
   9. Potter was driving it with permission of his father, Homer J. Potter
   10. Potter was not a reckless and incompetent driver
   13. Fields did not fail to keep a proper lookout
   14, 15. Fields driving his vehicle into path of Potter's vehicle was not negligence
   17. Potter and Teel were engaged in a contest of speed
   18. Teel did not advise Potter to engage in a contest of speed

   21. Teel was engaged in a contest of speed
   22. Teel did not know of the dangers of injury in engaging in a contest of speed
   23. (conditioned on affirmative answer to 22) Did Teel voluntarily expose himself to injury by engaging in such contest of speed? (not answered)
   24. (conditioned on affirmative answer to 23) Did Teel by engaging in such contest of speed do so as a result of an intelligent choice on his part? (not answered)
   25. Teel did not fail to keep a proper lookout
   27. Teel should have known of the dangers of engaging in a contest of speed
   28. Teel's engaging in a contest of speed was not negligence
   30. Speed of Potter vehicle was not the sole cause of the occurrence in question
   31. Teel did not urge Potter in such manner as to cause him to drive at a greater rate of speed than a person using ordinary care would have driven.

2. Art. 795 states: "No race or contest for speed between motor vehicles of any kind shall be held upon any public highway."

pellant argues, however, that because the jury found Teel did not advise Potter (18) to engage in a contest of speed nor urge him (31) to drive negligently, and because Teel was not found to have failed to keep a proper lookout (25), then issues 17, 21 and 27 are immaterial. We disagree. The issues concerned here go to the heart of the controversy. A response to them was necessary to determine the involvement, if any, of Teel in the actions that caused his death. The only issue that could have rendered these findings immaterial would be a finding that Teel involuntarily engaged in the contest of speed. The only issues regarding the voluntariness of Teel were issues 23 and 24.

◼ Points of error 10–15 involve special issues 23 and 24 in that they complain of the court's basing its judgment on issues 17 and 21 because (1) there is no finding by the jury that James Lee Teel willfully or voluntarily engaged in a contest of speed; (2) the jury was allowed to return an affirmative answer even if Teel's engaging in the contest of speed was involuntary and (3) the answers to these issues, when considered in conjunction with the phraseology of the issues, are so ambiguous as to make it impossible to ascertain whether the jury was finding Teel voluntarily engaged in a contest of speed. Appellant states in his brief before this court that the facts sought to be determined by these issues (17, 21 and 27) are uncontroverted and admitted. Appellant does, however, argue that the relevant question to be determined is whether Teel was voluntarily engaged in the contest of speed. We agree that voluntariness is a necessary element in the determination of Teel's possible culpability. In Parrott v. Garcia, 436 S.W.2d 897 (Tex.1969) the court held that voluntary participation in a drag race on a public highway was a violation of Art. 795 (V.A.P.C.) and constituted negligence or contributory negligence per se. Therefore, if Teel was at the time of the accident, engaged in the act of racing and was thereby involved in the voluntary and unexcused participation in the violation of Art. 795, such act constitutes negligence per se. Rogers v. Murrell, 467 S.W.2d 642 (Tex.Civ. App.—Amarillo, 1971, dismissed); Shaver v. Manziel, 347 S.W.2d 20 (Tex.Civ.App. —Texarkana, 1961, n.r.e.).

◼ Special issues 23 and 24 inquired as to whether Teel voluntarily exposed himself to injury by engaging in the contest of speed and whether he was so engaged as the result of an intelligent choice on his part. However, a jury response to these issues was conditioned upon an affirmative answer to issue No. 22 which asked whether Teel knew of the danger of injury in engaging in a contest of speed with the Nacogdoches police officers. The jury was prevented from answering issues 23 & 24 because of a negative answer to issue 22. Therefore, as we interpret appellant's complaint in these six points, he is contending that answers to special issues 23 and 24 were necessary to determine possible negligence on the part of Teel and that their conditional submission was in error. As previously stated, the appellant made no objections to the court's charge and he is therefore considered to have waived his objections thereto. Further, under the express provisions of Rule 279, T.R.C.P., these issues are "deemed as found by the court in such manner as to support the judgment." Appellant has therefore waived not only the manner of submission, but also the benefits, if any, which he might have received from a favorable answer to the issues. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W. 2d 985 (1949); Mohler v. Owens, 352 S. W.2d 855 (Tex.Civ.App.—Houston, 1962, no writ); Strauss v. LaMark, 366 S.W.2d 555 (Tex.1963). We therefore conclude that points of error 7 through 15 must be overruled.

◼ In points of error 16 through 21 appellant presents evidentiary points concerning special issues 17, 21 and 27, asserting

that each is answered against the great weight and preponderance of the evidence and that there is no evidence of probative force to support their submission. However, as previously mentioned, in his brief before this court, the appellant states, "It is uncontroverted and admitted that (1) James Lee Teel and Elton Wayne Potter were engaged in a contest of speed, (2) James Lee Teel was engaged in a contest of speed, and (3) James Lee Teel should have known of the danger of engaging in a contest of speed." A thorough search of the record substantiates these admissions and we are therefore of the opinion that points of error 16 through 21 are without merit and are overruled.

In point of error No. 22 appellant argues that the court erred in failing to enter judgment for appellant based on the jury's answers to special issues 8 and 9. In points 23 through 26 appellant presents evidentiary points based on special issue No. 8.

 In answer to special issue No. 8, the jury found that Potter was the owner of the 1969 Dodge automobile being operated by him at the time of the accident in question. In answer to special issue No. 9, the jury found that on the occasion in question, Potter was driving the vehicle with the permission of his father, appellee, Homer J. Potter. Appellant sued Homer J. Potter on the theory that the actions of Homer J. Potter amounted to and was a negligent entrustment of a vehicle into the hands of Potter. The crux of appellant's claim of negligent entrustment is issue No. 8. If Potter was the owner of the vehicle, his father could not have been guilty of negligent entrustment. We therefore must first determine the validity of the "no evidence" contention concerning issue No. 8. In examining the record for evidence that supports the submission of issue No. 8 and ignoring all evidence to the contrary, we must conclude that special issue No. 8 was correctly submitted. Further, we find that there is evidence of probative force to support the jury's findings on this issue and

the "no evidence" contention must be overruled.

In determining the factual sufficiency contentions surrounding issue No. 8 we must examine the whole record, consider and weigh all of the evidence in the case to determine whether the finding is against the great weight and preponderance of the evidence so as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). In so doing, we conclude that the finding made in issue No. 8 is not against the overwhelming weight and preponderance of the evidence so as to be manifestly unjust. Points of error 22 through 26 are overruled.

The judgment of the trial court is affirmed.